1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

THE HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

|  |  |
|---|---|
| O&R CONSTRUCTION, LLC, Individually and on Behalf of All Others Similarly Situated, )))) | No. 2:12-cv-02184-TSZ |
| Plaintiff, ) | CLASS ACTION |
| vs. )) | SECOND AMENDED CLASS ACTION COMPLAINT |
| DUN & BRADSTREET CREDIBILITY CORPORATION, et al., )))) | |
| Defendants. )) | JURY TRIAL DEMAND |

**[REDACTED VERSION PURSUANT TO COURT ORDER]**

SECOND AMENDED CLASS ACTION
COMPLAINT (2:12-cv-02184-TSZ)

Robbins Geller Rudman & Dowd LLP
655 West Broadway, Suite 1900, San Diego, CA 92101
Telephone: 619/231-1058 • Fax: 619/231-7423

1    Now comes plaintiff O&R Construction, LLC, individually and on behalf of all others

2    similarly situated, through counsel, and, pursuant to this Court's Order dated August 23, 2013 (Dkt.

3    No. 78), for its second amended complaint against defendants Dun & Bradstreet Credibility

4    Corporation, Dun & Bradstreet Corporation, and Dun & Bradstreet Inc., states and alleges as

5    follows:

6                                    **NATURE OF THE ACTION**

7         1.      This is a class action brought on behalf of thousands of small businesses whose credit

8    reports have been unfairly and unlawfully manipulated by Dun & Bradstreet Corporation and Dun &

9    Bradstreet, Inc. (together, "D&B") and its spin-off company and joint venture partner Dun &

10   Bradstreet Credibility Corporation ("DBCC"), which deceptively markets a D&B developed product

11   called CreditBuilder as a solution to these small business credit problems.

12        2.      D&B publishes ***false and inaccurate information*** on small business credit reports,

13   including, but not limited to, the following:

14            (a)      D&B wrongfully gives target small businesses an unwarranted "Supplier Risk

15   Evaluation rating" of "High Financial Stress" and artificially lowers credit scores;

16            (b)      D&B wrongfully reports that customers have made credit-related

17   "complaints" against target small businesses when no such complaints have been made;

18            (c)      D&B wrongfully publishes "delinquency" entries on target small businesses'

19   credit reports when no such delinquency occurred;

20            (d)      D&B wrongfully publishes "slow pay" entries on target small businesses'

21   credit reports when no such "slow pay" experiences occurred;

22            (e)      D&B wrongfully bases its "PAYDEX® score" on out-of-date information

23   and/or a complete lack of information necessary to determine such a score;

24            (f)      D&B wrongfully bases its "commercial credit score" on out-of-date

25   information and/or D&B lacks the information necessary to determine such a score;

26

SECOND AMENDED CLASS ACTION
COMPLAINT (2:12-cv-02184-TSZ)

Robbins Geller Rudman & Dowd LLP
655 West Broadway, Suite 1900, San Diego, CA 92101
Telephone: 619/231-1058 • Fax: 619/231-7423

- 1 -

1        (g)     D&B wrongfully fails to verify and/or approve trade references properly

2  submitted by small businesses; and/or

3        (h)     D&B directly markets the CreditBuilder products with misleading statements

4  about credit scores and payment experiences, including "phantom" delinquency and "slow pay"

5  entries.

6        3.     The foregoing false and inaccurate information – which D&B publishes on small

7  business credit reports – does substantial damage to small businesses' credit and their reputations for

8  credit-worthiness.  D&B's publication of false and inaccurate information constitutes actionable

9  misconduct in-and-of itself.

10       4.     D&B's manipulation of credit reports is also the first part of a larger scheme to sell

11  credit-repair and credit-improvement products to small businesses, who – as a result of the false and

12  inaccurate information D&B has placed in their reports – reasonably seek to repair or improve their

13  manipulated credit scores.  D&B developed internet-based self-credit products to sell to these small

14  businesses.  After a few years of selling the products itself, D&B formed a joint venture with co-

15  defendant DBCC to jointly market and sell the products under the name "CreditBuilder."

16       5.     DBCC carries out the second part of the larger scheme by directly soliciting small

17  businesses via telephone, email, and letters, misleading small businesses into believing that there are

18  issues with their credit reports which CreditBuilder can purportedly remedy.  DBCC repeats the false

19  and inaccurate information which D&B has published in the credit reports – misinformation which

20  DBCC uses as leverage to scare small businesses into spending hundreds of dollars to purchase

21  CreditBuilder.

22       6.     DBCC also makes its own false, deceptive and misleading statements.  DBCC uses

23  aggressive, high-pressure sales tactics, including the following fabricated issues:

24        (a)     DBCC falsely claims that there have been "inquiries" into target small

25  businesses' credit-worthiness;

26

SECOND AMENDED CLASS ACTION
COMPLAINT (2:12-cv-02184-TSZ)

- 2 -

Robbins Geller Rudman & Dowd LLP
655 West Broadway, Suite 1900, San Diego, CA 92101
Telephone: 619/231-1058 • Fax: 619/231-7423

1    (b) DBCC falsely claims that target small businesses' credit profiles are

2 "incomplete";

3    (c) DBCC falsely claims that there are negative payment experiences on small

4 businesses' credit profiles, like a delinquent payment to a vendor;

5    (d) DBCC falsely claims that customers have made credit-related "complaints"

6 against target small businesses; and/or

7    (e) DBCC applies "DS Status" to target small businesses, wrongfully claiming

8 there is a problem with their Data Universal Number System ("DUNS") numbers.

9    7. DBCC uses and re-publishes the false and inaccurate information placed by D&B in

10 small business credit profiles to sell CreditBuilder.  DBCC also uses the foregoing fabricated issues

11 to sell CreditBuilder.  Both uses constitute tortious and actionable conduct.

12    8. Although D&B and DBCC both commit independent unlawful acts, their misconduct

13 combines to foster sales of CreditBuilder, which profit both companies.  That is, D&B lays the

14 groundwork for such sales by publishing the false and inaccurate information on target small

15 businesses' credit reports, which leads the small businesses to seek a remedy.  DBCC uses and re-

16 publishes this misinformation and solicits the target small businesses with D&B's false credit

17 information and additional fabricated issues to create a false sense of urgency – and then offers

18 CreditBuilder as the remedy.

19    9. D&B and DBCC jointly carry out the third part of the larger scheme, which is

20 designed to trap small businesses into continued annual renewal of CreditBuilder products.

21 Specifically, when a small business buys CreditBuilder, DBCC and D&B do not disclose that they

22 will automatically renew a subscription to the product after the expiration of the initial term.

23 Moreover, D&B manipulates small businesses' credit reports so that their credit scores suffer if they

24 do not renew CreditBuilder.  Frequently, D&B will manipulate credit scores shortly prior to the end

25 of the annual subscription period in an effort to increase CreditBuilder renewals.  Once again, DBCC

26 uses the misinformation seeded by D&B in credit reports to push additional sales of CreditBuilder.

876273_1   SECOND AMENDED CLASS ACTION      Robbins Geller Rudman & Dowd LLP
COMPLAINT (2:12-cv-02184-TSZ)     655 West Broadway, Suite 1900, San Diego, CA 92101
           - 3 -     Telephone: 619/231-1058 • Fax: 619/231-7423

## PARTIES

10.     Plaintiff O&R Construction, LLC ("O&R") is a Washington limited liability company with its principal place of business at 2141 SW Dillard Lane, Oak Harbor, Washington 98277.

11.     Defendants Dun & Bradstreet Corporation and Dun & Bradstreet, Inc. ("D&B") are publicly-traded corporations organized under Delaware law, with their headquarters and principal places of business at 103 John F. Kennedy Parkway, Short Hills, New Jersey 07078.

12.     Defendant Dun & Bradstreet Credibility Corporation ("DBCC") is a limited liability company organized under Delaware law, with its headquarters and principal place of business at 22761 Pacific Coast Highway, Malibu, California 90265.

13.     For purposes of this action, "D&B" and "DBCC" each include any and all parents, subsidiaries, affiliates, divisions, franchises, partners, joint ventures, and organizational units of any kind of those defendants, as well as their predecessors, successors and assigns, together with their officers, directors, employees, agents and representatives ("related entities").  Furthermore, DBCC, D&B, and their related entities acted through their agents and employees, who were within the scope of their agency and employment at all relevant times.  The policies and practices alleged in this complaint to be unlawful were established or ratified at the defendants' highest corporate levels.

## JURISDICTION AND VENUE

14.     This Court has original jurisdiction pursuant to 28 U.S.C. §1332(d)(2).  The matter in controversy, exclusive of interest and costs, exceeds the sum or value of $5,000,000, and this action is a class action in which members of the class of plaintiffs are citizens of states different from those of the defendants.  Also, many of the class members reside in states other than the state in which the defendants are domiciled.

15.     This Court is a proper venue pursuant to 28 U.S.C. §1391 because many of the acts and transactions giving rise to this action occurred in this District and because: (a) defendants are authorized to conduct business in this District, and have intentionally availed themselves of the laws

876273_1

SECOND AMENDED CLASS ACTION
COMPLAINT (2:12-cv-02184-TSZ)

- 4 -

Robbins Geller Rudman & Dowd LLP
655 West Broadway, Suite 1900, San Diego, CA 92101
Telephone: 619/231-1058 • Fax: 619/231-7423

1  and markets within this District through the promotion, marketing, distribution, and sale of their

2  products in this District; (b) defendants conduct substantial business in this District; and/or

3  (c) defendants are subject to personal jurisdiction in this District.

**FACTS**

**D&B Creates and Controls Small Business Credit Reports, Scores, and Ratings**

6    16. D&B creates credit reports on small businesses and it assigns to each small business

7  various scores and ratings which are supposed to reflect the credit-worthiness of a given business.

8  These reports, scores, and ratings are of critical importance to the credit-health of small businesses.

9    17. D&B has been in the credit reporting business for over 150 years and boasts massive

10 databases on small business credit information.  D&B also carries the imprimatur of the federal

11 government, which requires small businesses who wish to apply for a government contract to have a

12 D&B-assigned DUNS number.

13   18. A DUNS number is a unique ID "recognized, recommended, and often required by

14 global corporations, governments, industry, and trade associations."  DUNS numbers are similar to

15 federal tax ID numbers, but only D&B distributes DUNS numbers.  When applying for credit, loans,

16 or government bids, small business must submit their DUNS number, which vendors or others use to

17 pull financial and credit information about the small business.

18   19. Given D&B's age, size, reputation, and unique institutional role in domestic and

19 international business, lenders, vendors, and agencies look to D&B's reports when deciding whether

20 to extend credit to, or to do business with, a small business – and small businesses must rely on the

21 truth and accuracy of D&B's credit reports when they apply for credit or seek to secure certain types

22 of contracts or business.

23   20. D&B retains control over its proprietary databases of credit information.  Any product

24 – including CreditBuilder – which purports to interact with D&B's reports, ratings, or scores, must

25 be developed, approved, and operated, in whole or in part, by D&B itself.

26

SECOND AMENDED CLASS ACTION
COMPLAINT (2:12-cv-02184-TSZ)

- 5 -

Robbins Geller Rudman & Dowd LLP
655 West Broadway, Suite 1900, San Diego, CA 92101
Telephone: 619/231-1058 • Fax: 619/231-7423

**D&B Developed and Operated the Credit-Building Products at Issue**

21.     Some years ago, D&B developed a credit-monitoring and credit-repair product called "Self Awareness Solutions" ("SAS"),  which it marketed as a way for small businesses to learn of, and seek to remedy, issues with their credit reports, or to improve their credit ratings and scores.

22.     Given the importance of a truthful and accurate D&B credit report, sales of the SAS products to small businesses were high.  D&B's small business customers, however, were extremely dissatisfied with the product and the methods D&B used to sell the product.  Many customers castigated D&B for using "high pressure, bait-and-switch tactics," and complained that the SAS products did not correct reports or improve ratings and scores as D&B had claimed and promised.

23.     By April 2008, criticism related to SAS was so harsh that D&B's own Voice of the Customer score was plummeting and annual customer attrition rates were growing.  On the other hand, the SAS line of business remained very profitable.

24.     In August 2010, in order to distance itself from the negative response to SAS (and to avoid further scrutiny or litigation over how the SAS products really functioned) – but while still reaping the profits of the credit-building line of business – D&B transferred the marketing and sales aspects of the line of business to DBCC, who renamed the products "CreditBuilder."  *See* **Exhibit 1**, Asset Purchase Agreement ("APA"); **Exhibit 2**, Commercial Services Agreement ("CSA"); **Exhibit 3**, Transition Services Agreement ("TSA"), filed concurrently herewith.  Notwithstanding the transfer, ████████████████████████████████████████████ ████████████████████████████████████████ Indeed, under the TSA (Schedule E) (Exhibit 3 at DB0000484-87), ████████████████████ ████████████████████████████████████████████ ████████ Likewise, pursuant to DBCC's product literature, ████████████████ ████████████████████████████████████████████ ████████████████████████

SECOND AMENDED CLASS ACTION
COMPLAINT (2:12-cv-02184-TSZ)

- 6 -

Robbins Geller Rudman & Dowd LLP
655 West Broadway, Suite 1900, San Diego, CA 92101
Telephone: 619/231-1058 • Fax: 619/231-7423

**The Relationship Between D&B and DBCC**

25.     By assigning the marketing and sales aspects of the CreditBuilder venture to DBCC, while retaining control over the operational aspects of the venture, D&B sought to escape any scrutiny over its practices while continuing to profit.  Indeed, pursuant to Exhibit J of the CSA (Exhibit 2 at DBCC0000342-44), DBCC paid D&B a ████████████████████████ in December 2010; since then, D&B has and continues to receive from DBCC ████████████ ████████████████ based on all ██████████ from the sale of D&B products by DBCC, including CreditBuilder.  And D&B has, and will continue to receive, ██████████ in annual royalties from the continued sale of CreditBuilder via an ██████████ fee in an amount equal to between ████ of gross revenues from the sale of the products, so long as DBCC ████ ████████████     And, pursuant to §5.12 of the APA (Exhibit 1 at DB0000042), DBCC is D&B's ████████████████████████████

26.     D&B and DBCC are ***joint venturers*** in the CreditBuilder line of business.  Indeed, the written agreement between the two describes the CreditBuilder venture as ████████████ ████████████████████████████████     Both D&B and DBCC have a common purpose in developing, marketing, and selling the CreditBuilder products.   And they have a community of interest: DBCC profits from sales of the products and D&B, in turn, receives royalties resulting from such sales.  As part of their self-described alliance, each member of the venture has an equal right to a voice regarding the direction of the CreditBuilder enterprise, accompanied by an equal right to control certain aspects of the enterprise.  DBCC describes itself as a joint venturer with D&B when it comes to small business credit: "At D&B Credibility Corp., we make over 1.5 million updates to our database on a daily basis" – something only D&B or its joint venturer can do.

27.     As part of the joint venture, D&B has granted DBCC a unique license to use the Dun & Bradstreet name and trade dress to continue to market CreditBuilder.  The companies share a logo, their websites interact with each other, and they each interact with a third website established as part of the joint venture, https://iupdate.dnb.com, which is hosted by D&B.  The iupdate site is essential

876273_1

SECOND AMENDED CLASS ACTION
COMPLAINT (2:12-cv-02184-TSZ)                    - 7 -

Robbins Geller Rudman & Dowd LLP
655 West Broadway, Suite 1900, San Diego, CA 92101
Telephone: 619/231-1058 • Fax: 619/231-7423

1    to the operation of CreditBuilder.  Under §4.9 of the CSA (Exhibit 2 at DBCC0000258), D&B

2    agreed to ████████████████████████████████████████████████████████████

3    ████████████████████████████████████████████████████████████████████████

4    ███████████

5           28.    As part of the joint venture, both D&B and DBCC send marketing material to target

6    small businesses.  For example, both D&B and DBCC send email alerts ("elerts") to targets that

7    advise them that their credit scores have been lowered based on a negative payment experience (*i.e.*,

8    a "phantom" delinquency or "slow pay" entry).  A "slow pay" entry is an untimely payment made to

9    an unidentified vendor.  "Phantom" delinquencies are fabricated delinquent payments which D&B

10   and DBCC use to artificially lower a business' credit score in an effort to generate additional sales.

11   In turn, these "phantom" delinquencies and "slow pay" entries damage a business' credit, reputation

12   and adversely impact its business with its customers.  The elerts are delivered by both companies'

13   websites: http://www.dnb.com and http://www.dandb.com.

14          29.    As part of the joint venture, D&B provides DBCC with "sales queues," which are

15   rosters of DUNS numbers from which DBCC solicits sales of CreditBuilder.

16          30.    DBCC also serves as the ***ostensible agent*** of D&B.  DBCC is held out as either being

17   a part of D&B, or acting on its behalf.  Small businesses, including O&R, reasonably believe – based

18   on representations made by D&B or by DBCC with D&B's approval or acquiescence – that they are

19   either dealing with D&B directly or they are dealing with DBCC as an agent of D&B.

20          31.    DBCC is held out as D&B's ostensible agent through the use of the duly licensed

21   Dun & Bradstreet name; the shared logo and trade dress; the linked websites – which have nearly

22   identical names (http://www.dandb.com and http://www.dnb.com); the claim that DBCC offers

23   "D&B solutions" to track credit-worthiness; the claim that DBCC has been a primary source of

24   credit scoring since 1841; and otherwise dressing DBCC in the name, reputation, and history of

25   D&B:

26          For over 170 years, millions of businesses have relied on these credit services to pave
            their path to business success.  By 2010, Dun & Bradstreet Credibility Corp.

876273_1

SECOND AMENDED CLASS ACTION
COMPLAINT (2:12-cv-02184-TSZ)

- 8 -

Robbins Geller Rudman & Dowd LLP
655 West Broadway, Suite 1900, San Diego, CA 92101
Telephone: 619/231-1058 • Fax: 619/231-7423

launched a new chapter in this storied history as the company began to offer products to help businesses monitor, manage and build their credit and credibility.  In that respect, we consider Dun & Bradstreet Credibility Corp. a "175 year-old startup."

32.     D&B and DBCC are joint venturers – or DBCC is held out as D&B's ostensible agent – through representations such as these, which equate and conflate the two companies:

> At D&B Credibility Corp., we make over 1.5 million updates to our database on a daily basis.  It could be major transactions like paying vendors or making lease or mortgage payments, but it could also be seemingly smaller transactions like equipment leasing, advertising, shipping packages or underwriting insurance.

> *          *          *

> With all this information flooding into D&B, it's critical that you keep on top of your profile and credit score to help ensure you keep your reputation solid as you forge the relationships and partnerships that will enable your business to grow profitably.

Moreover, DBCC sales agents are instructed to claim: "We provide the credit reports that dictate the terms that get extended out to businesses."  Indeed, DBCC issues "credit alerts" which claim that a D&B rating should cause a target small business a concern – which only CreditBuilder can remedy.

33.     Similarly, D&B and DBCC have either a joint venture or ostensible agency relationship arising from their sharing and use of DUNS numbers as marketing tools to solicit sales of CreditBuilder.  DBCC's referencing of a small business's DUNS number from the D&B sales queue misleads target small businesses into believing that the CreditBuilder products are necessary to monitor, verify, or dispute items on their D&B credit profile.

**D&B's Misconduct: Manipulating Credit Reports, Scores and Ratings with False and Inaccurate Information**

34.     Independent of the CreditBuilder joint venture, D&B is wrongfully manipulating small businesses' credit reports, scores, and ratings in one or more of the following ways:

35.     D&B creates a "sub-score" called the Supplier Evaluation Risk ("SER") rating. Many large government agencies (*e.g.*, the U.S. Department of Veterans Affairs) and corporations (*e.g.*, Wal-Mart Stores, Inc. ("Wal-Mart")), require that small businesses maintain a minimum SER score to do business with them.  For instance, upon information and belief, Wal-Mart requires that its

876273_1

SECOND AMENDED CLASS ACTION
COMPLAINT (2:12-cv-02184-TSZ)
- 9 -

Robbins Geller Rudman & Dowd LLP
655 West Broadway, Suite 1900, San Diego, CA 92101
Telephone: 619/231-1058 • Fax: 619/231-7423

1  vendors maintain a SER score of at least six.  Thus, the SER score is of critical importance to small

2  businesses seeking to do business with certain entities.

3      36.    D&B artificially lowers target small businesses' SER ratings, improperly assigning

4  them a rating of "High Risk of Financial Stress."  D&B also threatens to lower target small

5  businesses' SER ratings.  This *abuse of the SER rating* wrongfully indicates that a target small

6  business has a "high risk" of impending "financial stress" when, in truth, no such risk exists.

7      37.    D&B also *falsely claims it has received complaints* by one or more of a small

8  business's customers.  D&B sends faxes and emails to target small businesses claiming it has

9  received a "complaint [by] one or your customers regarding their dealings with you."  The

10  correspondence advises the target to contact D&B through its website, http://www.dnb.com, to

11  "advise us of your position."  In truth, no such complaints have been made.  Once again, this is a

12  scare tactic developed by D&B to create opportunities to sell CreditBuilder.

13      38.    D&B also places *false "delinquency" entries* on target small businesses' credit

14  reports. D&B claims that a target has a delinquent credit account with one of its lenders or vendors.

15  In truth, no such delinquency exists – it is an outright fabrication by D&B.  These "phantom"

16  delinquency entries artificially lower the target's credit score, damaging its business reputation.

17  And, once again, is part of D&B's effort to push small businesses into CreditBuilder.

18      39.    D&B also places *false "slow pay" entries* on target small businesses' credit reports.

19  D&B claims that a target has not timely paid on an account with one of its lenders or vendors.  In

20  truth, no such untimely payments exist – it is another outright fabrication by D&B.  These

21  "phantom" "slow pay" entries artificially lower the target's credit score, damaging its business

22  reputation.  And, once again, is part of D&B's effort to push small businesses into CreditBuilder.

23      40.    D&B places *false "delinquency" entries*, as well as other negative payment

24  experiences, on swaths of small business credit profiles at a time and in a uniform manner.  For

25  example, a group of target small businesses will each have $50 or $2500 account delinquencies,

26  which are inconsistent with the businesses' practices.

876273_1

SECOND AMENDED CLASS ACTION
COMPLAINT (2:12-cv-02184-TSZ)

- 10 -

Robbins Geller Rudman & Dowd LLP
655 West Broadway, Suite 1900, San Diego, CA 92101
Telephone: 619/231-1058 • Fax: 619/231-7423

41.     D&B's *PAYDEX® scores are also inaccurate*.  The "PAYDEX® score" for credit-worthiness is a D&B proprietary rating that is based upon payment history and *current* re-payment capabilities, as reported by trade references.   D&B must have three or more pieces of trade information in order to calculate a PAYDEX® score.   Thus, D&B must have updated information from a sufficient number of sources in order to properly calculate and publish the PAYDEX® score.  D&B does not keep this information current, but issues the scores anyway.  Since the information is out-of-date or based on insufficient data, the scores do not accurately reflect re-payment capabilities, and therefore, damages a business's reputation for re-payment.   Once again, D&B points to CreditBuilder as the method by which target a small business can bring the information up-to-date – a task which D&B is supposed to accomplish on its own.

42.     D&B's *commercial credit scores are also inaccurate*.  The commercial credit score is supposed to represent the likelihood of a small business becoming severely delinquent in its payments *over the next 12-month period*.   As with the PAYDEX® score, because D&B's information is not current, the score is inaccurate, which results in a reputational injury to the small business, and drives up sales opportunities for DBCC.

43.     In the end, D&B's PAYDEX® scores, commercial credit scores, and other scores and ratings are inaccurate.  This misinformation is placed by D&B in the DBCC sales queues.  The information is so inaccurate that DBCC frequently solicits businesses that have filed for bankruptcy, no longer exist, or have changed ownership.

**DBCC's Misconduct: Misleading Small Businesses with Misrepresentations and Fabricated Issues**

44.     As the marketing and sales agent in the CreditBuilder venture, DBCC repeats the *false and inaccurate* information D&B has seeded into target small business credit reports to aggressively push sales of CreditBuilder.

45.     For instance, DBCC sends out form solicitation letters which tell a target small business: "You are receiving this notification because the following Supplier Evaluation Risk (SER) rating has been noted in your D&B business credit profile . . . High Risk of Financial Stress."  In this

876273_1

SECOND AMENDED CLASS ACTION
COMPLAINT (2:12-cv-02184-TSZ)

- 11 -

Robbins Geller Rudman & Dowd LLP
655 West Broadway, Suite 1900, San Diego, CA 92101
Telephone: 619/231-1058 • Fax: 619/231-7423

1    way, DBCC uses D&B's abuse of the SER rating to push sales of CreditBuilder, which DBCC

2    claims can improve the SER rating.

3       46.     In other instances, DBCC sends out form alerts on a routine, periodic basis claiming

4    there have been "delinquency" entries or "slow pay" entries on credit reports. Once again, DBCC

5    uses D&B's placing of false negative payment experiences on reports to push sales of CreditBuilder,

6    which DBCC claims can provide the target small business a meaningful opportunity to dispute,

7    verify, and correct this information.

8       47.     And in other instances, DBCC repeats D&B's publication of false payment

9    experiences on a small business's credit report which are not only false and inaccurate, but do not

10    reflect commercial reality. For example, Florida-based Brandon Development – a company that had

11    never bought lumber in the amount of $50,000 – was told by a representative from D&B or DBCC

12    that it had a delinquent account entry from an unidentified lumber company in the amount of

13    $50,000. In other cases, negative payment experiences were said to come from the "medical

14    equipment industry" even though the target small businesses had never bought medical equipment.

15    Upon information and belief, D&B and DBCC use broad, vague descriptions of general industries

16    like "lumber" or "medical equipment" to conceal the fact that the negative payment experiences are

17    fabricated. In this way, the target small business cannot contact its actual vendors and lenders to

18    correct any misinformation. Beyond its use of D&B's false and inaccurate information, DBCC also

19    resorts to pure deception to push sales of CreditBuilder, fabricating "phantom" inquiries. That is,

20    DBCC falsely claims that there have been multiple inquiries into a target small business's credit-

21    worthiness.

22       48.     The "phantom" inquiry tactic is not based on any real information. In fact, DBCC

23    sales agents are given very little information about the small businesses listed by D&B on their sales

24    queues. Instead, they are taught to "drill down" on target small businesses over the phone by asking

25    them questions about the nature of their businesses during the first part of the phone solicitation.

26    Then, when the small business asks DBCC of the identity of the person who made the inquiries, the

SECOND AMENDED CLASS ACTION
COMPLAINT (2:12-cv-02184-TSZ)

Robbins Geller Rudman & Dowd LLP
655 West Broadway, Suite 1900, San Diego, CA 92101
Telephone: 619/231-1058 • Fax: 619/231-7423

1    sales agent will be able to make something up that sounds plausible.  For example, if a target small

2    business mentioned that it worked with the general public, the sales agent's pre-prepared script

3    instructs him to answer: "Since you work mostly with the general public, more than likely

4    companies pulling your information are the companies you pay your bills to."

5           49.     Since the inquiries did not really occur, the sales agent cannot truthfully answer any

6    questions about the inquiries.  The "drill down" method is a way to "start overcoming any objections

7    using the info [the sales agent] has gained" about the business during the phone call.  And when a

8    small business asks for specifics, the sales agent is scripted to reply: "I don't have access to see the

9    companies pulling your information, but when we validate your file, you will have the ability to see

10   who each one of these companies are by industry, as well as what they are looking at so you know

11   where their priorities lie [sic] and where you need to focus your attention."  In this way, DBCC

12   capitalizes on the uncertainty their false claims have made, presenting CreditBuilder as the solution.

13          50.     The "phantom" inquiry tactic is universal and indiscriminate.  DBCC sales agents tell

14   every small business they target that there have been a number of inquiries – the number is

15   arbitrarily made up by the DBCC sales agent or taken from a sales script (which calls for as many as

16   25 inquiries).  In fact, DBCC sales agents that make claims of inquiries to businesses too new to

17   have had any, as well as defunct businesses who have been dead too long to have had any.

18          51.     DBCC also falsely claims that target small businesses have ***incomplete*** credit profiles

19   with D&B.  Not only does DBCC have insufficient information to make such a claim (because

20   D&B's sales queues do not provide any meaningful information about a business), but the credit

21   profiles are not, in truth, incomplete.

22          52.     DBCC also applies a nonsense category called DUNS Support Status ("DS Status") to

23   any small business that has not purchased CreditBuilder.  This designation implies that the

24   business's credit is in jeopardy or that there is a problem with its DUNS number.  DBCC tells target

25   small businesses that if they are in DS Status, they will be perceived by the business community as

26   either a start-up with no financial record or a struggling company that is on the verge of failure.

1  Sales agents then offer "verification" through CreditBuilder to remove the false DS Status

2  appellation.

3      53.    DBCC also routinely stresses the importance of a DUNS number and misleads target

4  small businesses into believing that they can obtain a number by purchasing CreditBuilder.  In truth,

5  DUNS numbers are automatically generated by D&B regardless of CreditBuilder.

6      54.    DBCC's sales tactics are corporate policy.  Sales agents are required to attend

7  corporate orientation, which includes courses and materials that teach them how to plan, execute,

8  and close a sales call, including what talking points to use and how to overcome objections.  Sales

9  agents are given form letters and elerts to use to solicit new customers.  The scripts and letters use

10  one or more of the fabricated issues – an "increase in the number of companies both purchasing and

11  monitoring your commercial credit report to assess the risk of working with your business"; an

12  incomplete D&B credit profile – to push sales of CreditBuilder.  The form materials also repeat the

13  false and inaccurate information seeded by D&B (*i.e.*, a high risk SER rating).

14  **CreditBuilder Does Not Operate as Promised**

15      55.    When offering CreditBuilder, DBCC promises that the product will give customers

16  the ability to see who has made inquiries into their credit (and what the priorities of those inquirers

17  may be).  CreditBuilder does not provide customers with this ability.

18      56.    When offering CreditBuilder, DBCC promises that the product will give customers

19  the ability to identify who has reported "delinquency" or "slow pay" experiences.  CreditBuilder

20  does not provide customers with this ability.

21      57.    In both instances, DBCC refuses to identify the vendors who made inquiries or who

22  reported "delinquency" or "slow pay" experiences, citing "privacy concerns."  The truth is, the

23  vendors never existed in the first place.  If a customer disputes a negative payment experience,

24  DBCC will eventually remove the false entry from the report, claiming the vendor did not answer the

25  dispute.

26

SECOND AMENDED CLASS ACTION
COMPLAINT (2:12-cv-02184-TSZ)

- 14 -

Robbins Geller Rudman & Dowd LLP
655 West Broadway, Suite 1900, San Diego, CA 92101
Telephone: 619/231-1058 • Fax: 619/231-7423

58. DBCC says that the "most important" aspect of CreditBuilder is that it "gives companies the ability to add favorable credit references to their files to enhance credit scores and ratings." **Trade references** are evidence of a business's commercial payment history with its vendors and suppliers, and are a component of D&B ratings. Sales agents are scripted to explain:

> So while you have access to your information, you are going to submit to us what we call trade references. Basically you are going to give us the names and basic information about the companies you are paying your bills to, we will contact and gather all your payment history for the last two years, and based off this information create your scores. This way the companies will have the information they need to make these evaluations, and you know you will be getting the best terms and rates with your vendors and suppliers.

Here again, DBCC is held out as D&B – claiming "we will have the information." More to the point, DBCC does not follow through on this promise, and D&B erects barriers to the submission of trade references through CreditBuilder.

59. DBCC does not contact the trade references submitted by CreditBuilder customers.

60. D&B rejects any trade references if the referenced vendor or supplier is one of the approximately 8,000 creditors that regularly reports to D&B (*e.g.*, banks, utility and gas companies, credit card companies, and landlords).

**D&B Has Established a Pay-to-Play System**

61. DBCC sells CreditBuilder on an annual basis. Many customers choose not to re-new CreditBuilder when the subscription ends. D&B artificially reduces these former customers' scores and ratings. These reductions are not based on anything other than the former customers' decision not to buy another subscription of CreditBuilder.

**O&R CONSTRUCTION**

62. Plaintiff O&R has been owned by Orin and Robyn Kolaitis since 2004. The company relies on government contracts for much of its business, and is required to have a DUNS number in order to remain eligible to contract with the federal government.

63. D&B published false and inaccurate information on O&R's credit profile including, but not limited to: (a) a $50 "cash account" purportedly opened in 2011; and (b) a "slow pay"

1   account.  Both the cash account entry and the "slow pay" entry were false.  D&B also falsely and

2   inaccurately rated O&R as "high risk."  This false information appeared on both a D&B "Business

3   Information Report" and a DBCC report.  The DBCC report bore the D&B logo.

4          64.     As a direct result of the false and inaccurate information in O&R's D&B credit

5   profile, one of O&R's suppliers, The Home Depot, decreased O&R's credit line by $8,000.  The

6   Home Depot explained that, until the credit report improved, it would not increase the line of credit

7   to what it had been prior to the negative report.

8          65.     On behalf of O&R, Ms. Kolaitis called D&B to correct the false information.  A sales

9   agent told her that O&R's credit rating was very low and that there were some negative payment

10  experiences on O&R's credit report, including the opening of the $50 "cash account."  This is one of

11  the uniform sales misrepresentations used to induce small business owners to buy CreditBuilder.

12  Mrs. Kolaitis disputed the false and inaccurate information D&B had placed on her report.  D&B did

13  not remove all the erroneous items, and instead placed O&R in a "1400 high risk category," which

14  was unwarranted.

15         66.     Subsequently, when Ms. Kolaitis explained that the entries were false and that the

16  D&B credit information was inaccurate, the sales agent (whom Ms. Kolaitis later learned was from

17  DBCC) replied with an offer:  If Ms. Kolaitis bought CreditBuilder, she could effectively contest

18  erroneous items on O&R's D&B report and could submit trade references to improve O&R's scores.

19         67.     When the sales agent made this offer, he did not include any further terms, conditions,

20  or limitations, nor did he disclose any material limitations on the product or restrictions on the use of

21  the product's central features or on the ability of O&R to seek judicial remedies on a class-wide

22  basis.

23         68.     On May 24, 2012, Ms. Kolaitis accepted the offer and agreed to pay (a) an activation

24  fee of $149 and (b) 12 monthly payments of $69 each.

25         69.     Using CreditBuilder, Ms. Kolaitis submitted trade references for O&R, but, before

26  she did so, she contacted each reference to confirm that the information she was submitting was

SECOND AMENDED CLASS ACTION
COMPLAINT (2:12-cv-02184-TSZ)

- 16 -

Robbins Geller Rudman & Dowd LLP
655 West Broadway, Suite 1900, San Diego, CA 92101
Telephone: 619/231-1058 • Fax: 619/231-7423

1   correct.  When the trade references did not appear on O&R's credit report, Ms. Kolaitis contacted

2   D&B or DBCC for an explanation.  She was told that "Dun & Bradstreet" had been unable to

3   confirm any of the trade references – something Ms. Kolaitis had been able to do using the very

4   information she had submitted.

5          70.     D&B then listed O&R as having no PAYDEX® score, since D&B had rejected the

6   trade references Ms. Kolaitis had submitted.

7          71.     On November 24, 2012 – six months to the day after O&R first purchased

8   CreditBuilder – DBCC claimed there was an inquiry into O&R's credit-worthiness.  Of course, the

9   business making the inquiry was unidentified and never disclosed.  It was, in truth, a fabricated issue

10  which was supposed to drive O&R to renew the CreditBuilder product.

11         72.     On January 3, 2013, O&R received an elert from DBCC that there had been another

12  inquiry.  Once again, there was no such inquiry.

13         73.     On May 14, 2013, and approximately two weeks before the end of O&R's annual

14  subscription to CreditBuilder, D&B unjustifiably downgraded O&R's SER rating.

15                         **CLASS ACTION ALLEGATIONS**

16         74.     Plaintiff brings this lawsuit on behalf of itself and the following proposed class (the

17  "Class"), pursuant to Fed. R. Civ. P. 23(b)(2) and (3):

18         **(A)    WASHINGTON CLASS: ALL PERSONS WHO PURCHASED
              DEFENDANTS' CREDITBUILDER PRODUCTS IN THE STATE OF
19            WASHINGTON**; and

20         **(B)    MULTISTATE CLASS: ALL PERSONS WHO PURCHASED
              DEFENDANTS' CREDITBUILDER PRODUCTS IN THE UNITED STATES**.

21         75.     Subject to additional information obtained through further investigation and

22  discovery, the foregoing definition of the Class may be expanded or narrowed by amendment or

23  amended complaint.

24         76.     Specifically excluded from the Class are defendants, their officers, directors, agents,

25  trustees, parents, children, corporations, trusts, representatives, employees, principals, servants,

26  partners, joint venturers or entities controlled by defendants, and their heirs, successors, assigns or

SECOND AMENDED CLASS ACTION
COMPLAINT (2:12-cv-02184-TSZ)

- 17 -

Robbins Geller Rudman & Dowd LLP
655 West Broadway, Suite 1900, San Diego, CA 92101
Telephone: 619/231-1058 • Fax: 619/231-7423

1    other persons or entities related to or affiliated with defendants and/or their officers and/or directors,

2    the judge assigned to this action and any member of the judge's immediate family.

3          77.    **Numerosity**:  The members of the Class are so numerous and geographically diverse

4    that joinder of all of them is impracticable.  While the exact number and identities of members of the

5    Class are unknown to plaintiff at this time, and can only be ascertained through appropriate

6    discovery, plaintiff believes and avers that there are thousands of class members.

7          78.    **Commonality**:  Plaintiff and class members' claims derive from a common core of

8    salient facts and share many of the same legal claims.  There are questions of fact or law common to

9    members of the Class, which predominate over any questions affecting any individual members,

10   including, but not limited to, the following:

11                (a)    whether defendants' co-marketing of CreditBuilder products and services to

12   the marketplace deceptively induced plaintiff and members of the Class into purchasing the product

13   under the mistaken belief that the purchase of CreditBuilder products would improve credit ratings

14   and solve purported problems with credit reports;

15                (b)    whether defendants were unjustly enriched through the above mentioned

16   conduct of selling CreditBuilder products without disclosing restrictions;

17                (c)    whether defendants breached their express and implied contracts with small

18   business consumers who purchased CreditBuilder products;

19                (d)    whether plaintiff and members of the Class have sustained ascertainable losses

20   by reason of defendants' breach of contract and, if so, the proper measure of those losses;

21                (e)    whether plaintiff and members of the Class have a right to collect damages

22   and/or a refund;

23                (f)    whether plaintiff and members of the Class are entitled to injunctive and/or

24   other equitable relief;

25                (g)    whether D&B placed false and inaccurate information on small business credit

26   reports;

SECOND AMENDED CLASS ACTION
COMPLAINT (2:12-cv-02184-TSZ)

- 18 -

Robbins Geller Rudman & Dowd LLP
655 West Broadway, Suite 1900, San Diego, CA 92101
Telephone: 619/231-1058 • Fax: 619/231-7423

1  (h)  whether DBCC re-published the false and inaccurate information on small

2  business credit reports;

3  (i)  whether DBCC fabricated issues with small business credit reports;

4  (j)  whether D&B and DBCC manipulated small business credit profiles in order

5  to sell CreditBuilder;

6  (k)  whether CreditBuilder conforms to the representations and promises made by

7  DBCC;

8  (l)  whether D&B negligently produces false and inaccurate information on small

9  business credit reports;

10  (m)  whether D&B defames small businesses by publishing false and inaccurate

11  information on their credit reports;

12  (n)  whether the defendants' conduct violates the Washington Consumer

13  Protection Act or constitutes negligent misrepresentation or fraudulent concealment;

14  (o)  whether the defendants are engaged in a joint venture to co-develop, co-

15  market, and sell CreditBuilder for their mutual benefit; and

16  (p)  whether DBCC is the ostensible agent of D&B for the marketing and sale of

17  CreditBuilder.

18  79.  ***Typicality***:  Plaintiff's claims are typical of the claims of other members of the Class

19  in that plaintiff's claims arise from the same course of conduct by DBCC that affects class members.

20  Plaintiff, like other class members, purchased CreditBuilder products through unlawful marketing

21  practices by defendants, including through the deceptive, misleading and false solicitations and/or

22  representations regarding the customer's credit worthiness and false inquiries on a customer's credit.

23  Plaintiff and members of the Class were fraudulently induced to purchase CreditBuilder products

24  through  promises of "improving," "repairing" and/or "monitoring" credit by, among other things,

25  adding trade references, but were denied that benefit due to DBCC's internal rules that were

26  undisclosed to customers.  Plaintiff, like other class members, purchased CreditBuilder products and

SECOND AMENDED CLASS ACTION
COMPLAINT (2:12-cv-02184-TSZ)

- 19 -

Robbins Geller Rudman & Dowd LLP
655 West Broadway, Suite 1900, San Diego, CA 92101
Telephone: 619/231-1058 • Fax: 619/231-7423

1   did not receive the full value promised by defendants, which is deceptive, misleading, constitutes a

2   breach of contract and unjustly enriched the defendants.  Plaintiff and class members suffered

3   monetary losses as a result of defendants' above mentioned course of conduct.  Further, plaintiff's

4   claims are typical in that all were harmed by defendants' negligent, reckless and/or fraudulent

5   practice of maintaining inaccurate and even intentionally false information on customers' business

6   credit reports, including falsely reporting "delinquent" vendor payments and that a business was in

7   severe financial distress and/or was "likely to fail."

8          80.    *Adequacy*:  Plaintiff will fairly and adequately protect the interests of the Class.

9   Plaintiff's claims are coextensive with, and not antagonistic to, the claims of other class members.

10  Plaintiff is willing and able to vigorously prosecute this action on behalf of the Class.  Plaintiff's

11  attorneys are experienced in the area of representative and class actions and have successfully

12  represented plaintiffs in numerous such actions.

13         81.    Plaintiff brings this action under Rule 23(b)(3) because common questions of law and

14  fact predominate over issues that are individual to members of the Class.  The proposed Class is

15  sufficiently cohesive to warrant class and representative treatment.

16         82.    Upon information and belief, defendants have the technology and records which

17  would permit plaintiff a plausible class-wide method for proving the case.  Certification under Rule

18  23(b)(3) is also appropriate because a class action is superior to other available methods for the fair

19  and efficient adjudication of this action.  Given the small damage amounts per class member, the

20  expense of litigating each class member's claim individually would be so cost prohibitive as to deny

21  class members a viable remedy.  Plaintiff envisions no unusual difficulty in the management of this

22  action as a class action.

23         83.    Plaintiff also brings this action under Rule 23(b)(2) because defendants have acted or

24  refused to act on grounds generally applicable to all members of the Class, thereby making final

25  injunctive relief concerning the Class as a whole appropriate. In the absence of appropriate

26  injunctive relief, defendants will continue their unfair and deceptive business practices. Defendants'

876273_1

SECOND AMENDED CLASS ACTION
COMPLAINT (2:12-cv-02184-TSZ)

- 20 -

Robbins Geller Rudman & Dowd LLP
655 West Broadway, Suite 1900, San Diego, CA 92101
Telephone: 619/231-1058 • Fax: 619/231-7423

1    uniform conduct towards plaintiff and the other members of the Class makes certification under Rule

2    23(b)(2) appropriate.

                                            **COUNT I**
3                          **Negligence – Against D&B Only – on Behalf of**
4                              **Washington and/or National Class**

5          84.    Plaintiff incorporates each allegation in this complaint into this Count.

6          85.    D&B owes a duty to those small businesses upon whom it reports as to their credit-

7    worthiness to produce reports with true, accurate, and timely information.

8          86.    D&B has breached this duty by placing false and inaccurate information on small

9    business credit reports.

10         87.    As a direct and proximate result of D&B's negligence, the plaintiff and class

11   members have suffered damages, including, *inter alia*, damaged reputations for credit-worthiness.

                                           **COUNT II**
12                        **Defamation – Against D&B Only – on Behalf of**
13                             **Washington and/or National Class**

14         88.    Plaintiff incorporates each allegation in this complaint into this Count.

15         89.    D&B published one or more false statements of fact about the plaintiff and each class

16   member: (a) that the small business was a "high risk" of financial failure, when it was not; (b) that

17   the small business had a "delinquent" account, when it did not; (c) that the small business had a

18   "slow pay" account, when it did not; (d) that the small business had a certain PAYDEX® or

19   commercial credit score, when that score was based in out-of-date data; and/or (e) that complaints

20   had been made against the small business by one of its vendors or lenders, when none had been

21   made.

22         90.    These false statements are defamatory in character, in that they reflect negatively on

23   the credit-worthiness or business health of the small business.

24         91.    D&B published the false, defamatory statements with actual malice or in a reckless or

25   negligent manner.

26

SECOND AMENDED CLASS ACTION
COMPLAINT (2:12-cv-02184-TSZ)

- 21 -

Robbins Geller Rudman & Dowd LLP
655 West Broadway, Suite 1900, San Diego, CA 92101
Telephone: 619/231-1058 • Fax: 619/231-7423

92.     As a direct and proximate result of D&B's defamation, the plaintiff and class members have suffered damages, including, *inter alia*, damaged reputations for credit-worthiness.

93.     Given D&B's actual malice or recklessness in making the false, defamatory statements at issue, the imposition of punitive damages is warranted.

**COUNT III**
**Unfair and Deceptive Practices – Against D&B Only**
**– on Behalf of Washington Class**

94.     Plaintiff incorporates each allegation of this complaint into this Count.

95.     D&B's placing of false and inaccurate information on small business credit reports constitutes an unfair and deceptive act or practice in violation of Rev. Code Wash. §19.86.020.

96.     D&B's unfair and deceptive acts described in this complaint were undertaken in the course of commerce, and involve the public's interest in transparency and accurate credit information.  The unfair and deceptive acts had the capacity to deceive a substantial portion of the public, and did, in fact, so deceive.

97.     As a direct and proximate result of D&B's unfair and deceptive acts, the plaintiff and class members suffered damages, including, *inter alia*, damaged reputations for credit-worthiness.

**COUNT IV**
**Negligent Misrepresentation – Against Both Defendants**
**– on Behalf of Washington and/or National Class**

98.     Plaintiff incorporates each allegation in this complaint into this Count.

99.     DBCC made the following negligent representations of fact related to the sale of CreditBuilder:

(a)     that DBCC was a part of D&B in a way that it was not;

(b)     that there had been "inquiries" into potential customers' credit profiles when there had not been;

(c)     that a potential customer's credit profile was "incomplete" when it was not;

(d)     that a potential customer's SER rating indicated "high risk" when it did not, or when that rating was inappropriate;

SECOND AMENDED CLASS ACTION
COMPLAINT (2:12-cv-02184-TSZ)

- 22 -

Robbins Geller Rudman & Dowd LLP
655 West Broadway, Suite 1900, San Diego, CA 92101
Telephone: 619/231-1058 • Fax: 619/231-7423

1     (e)    that a potential customer's credit report contained a "delinquency" or

2 "inaccuracy" when it did not;

3     (f)    that customers would be able to dispute, in a meaningful way, inaccurate

4 information on their credit profiles after purchasing CreditBuilder products, and/or that those

5 products would improve credit scores;

6     (g)    that a potential customer's "DS Status" exposed them to risk, when it did not;

7 and/or

8     (h)    that DBCC had accurate, up-to-date information relevant to a potential

9 customer's business, when it did not.

10     100.    Despite a duty to disclose, defendants concealed the following facts:

11     (a)    that DBCC did not control D&B scores;

12     (b)    that there were restrictions on "trade references" submitted through the

13 CreditBuilder product;

14     (c)    that non-renewal of a CreditBuilder product subscription could harm a

15 customer's credit report or rating;

16     (d)    that CreditBuilder's dispute process was ineffective; and/or

17     (e)    that CreditBuilder would not improve a customer's credit profile or rating.

18     101.    Each of the representations or concealments of fact referred to in the preceding

19 paragraphs was material to the transaction at hand (*i.e.*, whether to purchase a CreditBuilder

20 product). The representations or concealments of fact were related to the sale of the product, not the

21 use of any website.

22     102.    Each of the representations or concealments were made negligently or with utter

23 disregard and recklessness as to their falsity.

24     103.    Each of the representations or concealments were made negligently and/or recklessly,

25 misleading another into relying upon them, or with knowledge that the representations or

26 concealments was likely to be relied upon by a reasonable customer.

SECOND AMENDED CLASS ACTION
COMPLAINT (2:12-cv-02184-TSZ)

Robbins Geller Rudman & Dowd LLP
655 West Broadway, Suite 1900, San Diego, CA 92101
Telephone: 619/231-1058 • Fax: 619/231-7423

104.     As a direct and proximate result of DBCC's negligent misrepresentations, the plaintiff and class members suffered damages, in that they were misled into purchasing an expensive product that they did not need.

105.     Given that DBCC's raising of fabricated issues was, and is, knowing and intentional, with a selfish aim toward reaping profits from the sale of CreditBuilder products, the imposition of punitive damages is warranted.

106.     Given the joint venture or ostensible agency relationship between D&B and DBCC, D&B is either jointly liable or vicariously liable for DBCC's tortious acts.

**COUNT V**
**Fraudulent Concealment – Against Both Defendants**
**– on Behalf of Washington and/or National Class**

107.     Plaintiff incorporates each allegation of this complaint into this Count.

108.     DBCC withheld and suppressed material facts, as set forth throughout this complaint and as identified in Count IV, which are incorporated into this Count.

109.     DBCC had a duty to disclose the truth of these matters, but failed to do so.

110.     DBCC was aware that its claims about CreditBuilder were false.  Nevertheless, DBCC concealed the materials facts.  That is, each concealment was made falsely, with knowledge of its falsity or with utter disregard for, or recklessness as to, its falsity.

111.     The concealment of the true facts was done with the intent to induce the plaintiff and class members to purchase CreditBuilder.  That is, the concealments were made to mislead another into relying upon them, and with knowledge that the concealments were likely to be relied upon by a reasonable customer.

112.     The reliance by the plaintiff and class members was reasonable and justified in that DBCC appeared and represented itself to be a reputable business.

113.     As a direct and proximate result of the fraud and deceit, the plaintiffs and class members suffered actual damages, including the money spent purchasing CreditBuilder at a price premium when the product had less or no value than what was reflected in the price paid.

876273_1

SECOND AMENDED CLASS ACTION
COMPLAINT (2:12-cv-02184-TSZ)

- 24 -

Robbins Geller Rudman & Dowd LLP
655 West Broadway, Suite 1900, San Diego, CA 92101
Telephone: 619/231-1058 • Fax: 619/231-7423

1    114.    Given the joint venture or ostensible agency relationship between D&B and DBCC,

2    D&B is either jointly liable or vicariously liable for DBCC's tortious acts.

3                                        **COUNT VI**
     **Unfair and Deceptive Acts – Against Both Defendants**
4                       **– on Behalf of Washington Class**

5    115.    Plaintiff incorporates each allegation of this complaint into this Count.

6    116.    DBCC's creation of fabricated issues when soliciting small businesses to buy

7    CreditBuilder constitutes an unfair and deceptive act or practice in violation of Rev. Code Wash.

8    §19.86.020.

9    117.    DBCC's unfair and deceptive acts described in this complaint were undertaken in the

10   course of commerce, and involve the public's interest in transparency and accurate credit

11   information. The unfair and deceptive acts had the capacity to deceive a substantial portion of the

12   public, and did, in fact, so deceive.

13   118.    As a direct and proximate result of DBCC's unfair and deceptive acts, the plaintiff

14   and class members suffered damages, including, *inter alia*, the funds spent to purchase a product

15   which they did not need and which did not perform as advertised.

16   119.    Given the joint venture or ostensible agency relationship between D&B and DBCC,

17   D&B is either jointly liable or vicariously liable for DBCC's tortious acts.

18                                       **COUNT VII**
     **Breach of Contract – Against DBCC Only – on Behalf**
19                    **of Washington and/or National Class**

20   120.    Plaintiff incorporates each allegation of this complaint into this Count.

21   121.    DBCC entered into sales agreements with small business customers. DBCC

22   advertised CreditBuilder as having certain characteristics and it offered to sell the product according

23   to that description. The plaintiff and class members accepted the offer by promising to pay the

24   purchase price of the product.

25   122.    The product did not perform as promised. This failure of performance constitutes a

26   breach of the sales agreement.

SECOND AMENDED CLASS ACTION
COMPLAINT (2:12-cv-02184-TSZ)

Robbins Geller Rudman & Dowd LLP
655 West Broadway, Suite 1900, San Diego, CA 92101
Telephone: 619/231-1058 • Fax: 619/231-7423

- 25 -

1    123.    As a direct and proximate result of this breach, the plaintiff and class members

2    suffered damages equal to the loss of their expectation for the performance of the product, including,

3    *inter alia*, corrected or improved credit scores.

**COUNT VIII**
**Unjust Enrichment – Against DBCC Only – on Behalf**
**of Washington and/or National Class**

6    124.    Plaintiff incorporates each allegation of this complaint into this Count.

7    125.    The plaintiff and class members conferred on DBCC a direct benefit – the price of

8    CreditBuilder together with any activation fees.  The plaintiff and class members conferred on D&B

9    an indirect benefit – the royalties earned from DBCC's sale of CreditBuilder.

10   126.    DBCC appreciated or knew that they were receiving a benefit.

11   127.    DBCC accepted and retained the benefit.

12   128.    Under the circumstances described in this complaint, it is inequitable for DBCC to

13   retain the benefit.

**PRAYER FOR RELIEF**

15   WHEREFORE, plaintiff O&R, individually and on behalf of the Class, demands judgment as

16   follows:

17   A.    An order certifying this as a class action, appointing the plaintiff as class

18   representative and appointing undersigned counsel as class counsel;

19   B.    Statutory damages, attorneys' fees and costs, as appropriate, pursuant to the

20   Washington Consumer Protection Act;

21   C.    Compensatory and/or actual damages;

22   D.    Punitive and/or Treble damages, as appropriate;

23   E.    Remedies in equity, including disgorgement, as appropriate;

24   F.    Pre- and post-judgment interest, as appropriate; and

25

26

SECOND AMENDED CLASS ACTION
COMPLAINT (2:12-cv-02184-TSZ)

Robbins Geller Rudman & Dowd LLP
655 West Broadway, Suite 1900, San Diego, CA 92101
Telephone: 619/231-1058 • Fax: 619/231-7423

1    G.     An order enjoining defendants from committing further wrongful marketing and sale

2  of the credit monitoring products at issue in this action, including, *inter alia*, failing to disclose

3  restrictions on trade references.

4                                **JURY DEMAND**

5        Plaintiff demands a trial by jury on all issues so triable.

6  DATED:  September 23, 2013

7

8                                              By: *s/Christopher Collins*

9                                              CHRISTOPHER COLLINS (admitted *pro hac vice*)
                                               ROBBINS GELLER RUDMAN & DOWD LLP
10                                             655 West Broadway, Suite 1900
                                               San Diego, CA  92101-3301
11                                             Telephone:  619/231-1058
                                               619/231-7423 (fax)
12                                             E-mail:  chrisc@rgrdlaw.com

13                                             STUART A. DAVIDSON (admitted *pro hac vice*)
                                               HOLLY W. KIMMEL (admitted *pro hac vice*)
14                                             ROBBINS GELLER RUDMAN & DOWD LLP
                                               120 East Palmetto Park Road, Suite 500
15                                             Boca Raton, FL  33432
                                               Telephone:  561/750-3000
16                                             561/750-3364 (fax)
                                               E-mail:  sdavidson@rgrdlaw.com
17                                                       hkimmel@rgrdlaw.com

18                                             BRAD J. MOORE, WSBA #21802
                                               STRITMATTER KESSLER WHELAN COLUCCIO
19                                             200 Second Avenue West
                                               Seattle, WA  98119
20                                             Telephone:  206/448-1777
                                               206/728-2131 (fax)
21                                             E-mail:  brad@stritmatter.com

22                                             ROSS E. SHANBERG (admitted *pro hac vice*)
                                               SHANBERG, STAFFORD & BARTZ LLP
23                                             19200 Von Karman Avenue, Suite 400
                                               Irvine, CA  92612
24                                             Telephone:  949/622-5444
                                               949/622-5448 (fax)
25                                             E-mail:  rshanberg@ssfirm.com

26

SECOND AMENDED CLASS ACTION
COMPLAINT (2:12-cv-02184-TSZ)
                                                    Robbins Geller Rudman & Dowd LLP
                                              655 West Broadway, Suite 1900, San Diego, CA 92101
                                                Telephone: 619/231-1058 • Fax: 619/231-7423
                          - 27 -

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

JACK LANDSKRONER (admitted *pro hac vice*)
DREW LEGANDO (admitted *pro hac vice*)
LANDSKRONER • GRIECO • MERRIMAN, LLC
1360 West 9th Street, Suite 200
Cleveland, OH  44113
Telephone:  216/522-9000
216/522-9007 (fax)
E-mail:  jack@lgmlegal.com
           drew@lgmlegal.com

Attorneys for Plaintiff O&R Construction, LLC

SECOND AMENDED CLASS ACTION
COMPLAINT (2:12-cv-02184-TSZ)

- 28 -

Robbins Geller Rudman & Dowd LLP
655 West Broadway, Suite 1900, San Diego, CA 92101
Telephone: 619/231-1058 • Fax: 619/231-7423

1

<u>CERTIFICATE OF SERVICE</u>

2

I hereby certify that on October 28, 2013, I authorized the electronic filing of the foregoing

3 with the Clerk of the Court using the CM/ECF system which will send notification of such filing to

4 the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I

5 caused to be mailed the foregoing document or paper via the United States Postal Service to the non-

6 CM/ECF participants indicated on the attached Manual Notice List.

7

I certify under penalty of perjury under the laws of the United States of America that the

8 foregoing is true and correct.  Executed on October 28, 2013.

9

10

<u>s/ CHRISTOPHER COLLINS</u>
CHRISTOPHER COLLINS

11

ROBBINS GELLER RUDMAN
& DOWD LLP

12

655 West Broadway, Suite 1900
San Diego, CA  92101-3301

13

Telephone:  619/231-1058
619/231-7423 (fax)

14

15

E-mail:  ChrisC@rgrdlaw.com

16

17

18

19

20

21

22

23

24

25

26

SECOND AMENDED CLASS ACTION
COMPLAINT (2:12-cv-02184-TSZ)

# Mailing Information for a Case  2:12-cv-02184-TSZ O&R Construction, LLC v. Dun & Bradstreet Credibility Corporation et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Aaron A Bartz**
  abartz@ssbfirm.com

- **Thomas Matthew Brennan**
  tmb@mckay-chadwell.com,ddc@mckay-chadwell.com,stt@mckay-chadwell.com

- **Jiyoun Chung**
  jchung@shearman.com,maquino@shearman.com

- **Christopher Collins**
  chrisc@rgrdlaw.com,jwolsborn@rgrdlaw.com,kathryns@rgrdlaw.com,ldeem@rgrdlaw.com

- **Stuart A. Davidson**
  sdavidson@rgrdlaw.com,jdennis@rgrdlaw.com,e_file_fl@rgrdlaw.com

- **James Donato**
  jdonato@shearman.com,rcheatham@shearman.com,wasbel@shearman.com

- **Gretchen J. Hoog**
  hoogg@lanepowell.com,docketing-sea@lanepowell.com,koskinens@lanepowell.com

- **Charles C Huber**
  huberC@lanepowell.com,harrellh@lanepowell.com,rainesm@lanepowell.com,docketing-sea@lanepowell.com

- **Frank J Janecek , Jr**
  frankj@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Holly W Kimmel**
  hkimmel@rgrdlaw.com,cthornton@rgrdlaw.com

- **Jack Landskroner**
  jack@lgmlegal.com,debra@lgmlegal.com

- **Gail E Lees**
  glees@gibsondunn.com,tloose@gibsondunn.com

- **Drew Legando**
  drew@lgmlegal.com

- **Timothy W Loose**
  tloose@gibsondunn.com,zperez@gibsondunn.com

- **Michael D McKay**
  mdm@mckay-chadwell.com,ddc@mckay-chadwell.com,stt@mckay-chadwell.com

- **Bradley Jerome Moore**
  brad@stritmatter.com,brooke@stritmatter.com,pattis@stritmatter.com

- **Zathrina Zasell G Perez**
  zperez@gibsondunn.com,tloose@gibsondunn.com

- **Richard F Schwed**
  rschwed@shearman.com,leng@shearman.com

- **Ross E Shanberg**
  rshanberg@ssbfirm.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)