1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

O&R CONSTRUCTION, LLC,
individually and on behalf of all others
similarly situated,
                    Plaintiff,
          v.

DUN & BRADSTREET
CREDIBILITY CORPORATION,
et al.,
                    Defendants.

C12-2184 TSZ

ORDER

DIE-MENSION CORPORATION,
individually and on behalf of all others
similarly situated,
                    Plaintiff,
          v.
DUN & BRADSTREET
CREDIBILITY CORPORATION,
et al.,
                    Defendants.

C14-855 TSZ

VINOTEMP INTERNATIONAL
CORPORATION, et al., individually
and on behalf of all others similarly
situated,
                    Plaintiff,
          v.
DUN & BRADSTREET
CREDIBILITY CORPORATION,
et al.,
                    Defendants.

C14-1021 TSZ

ORDER - 1

1
2
3
4
5

| | |
|---|---|
| ALTAFLO, LLC, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br>   v.<br>DUN & BRADSTREET CREDIBILITY CORPORATION, et al.,<br><br>    Defendants. | C14-1288 TSZ |
| FLOW SCIENCES INC., individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br>   v.<br>DUN & BRADSTREET CREDIBILITY CORPORATION, et al.,<br><br>    Defendants. | C14-1404 TSZ |

6
7
8
9
10

11    THIS MATTER comes before the Court on plaintiffs' unopposed motion for

12  preliminary approval of class action settlement, which was filed in Case No. C12-2184 as

13  docket no. 221, and in Case No. C14-855 as docket no. 142.  The Court will consider the

14  motion as though it had been filed in all five cases captioned above.

15    The parties propose a settlement pursuant to which defendants will fund an escrow

16  account in the amount of $2.75 million, from which attorney's fees, litigation expenses,

17  notice and claims administration fees, taxes and tax-related expenses, incentive awards to

18  the six class representatives, and payments to class members will be paid.[1]  The parties

19  request that the Court certify a class of all persons and entities in California, New Jersey,

20

21  [1] The settlement also requires defendants The Dun & Bradstreet Corporation and/or Dun and Bradstreet, Inc. to add, for a period of at least two years, a full-time employee whose primary responsibility will be to respond to, and enhance the quality of responses to, trade disputes.  _See_ Stipulation of Settlement at ¶ 4.1,

22  Ex. 1 to Egler Decl. (C12-2184, docket no. 222-1; C14-855, docket no. 143-1).

23

ORDER - 2

1  North Carolina, Ohio, and Washington who purchased a CreditBuilder product from

2  August 1, 2010, to the present.  They estimate that the number of such persons and

3  entities exceeds 35,000.  They propose to require class members to submit a claim form

4  in order to receive a pro rata share of the settlement proceeds.  They have not, however,

5  provided any estimate of the amount a typical class member might anticipate receiving.

6  In addition, the parties have offered no basis for the Court to determine whether the total

7  amount of the settlement is reasonable in light of the alleged claims and defenses.

8  Plaintiffs have alleged violations of the Washington Consumer Protection Act (and

9  similar consumer acts of California, New Jersey, North Carolina and Ohio) and have

10  sought to recover statutory, actual, punitive, and/or treble damages, as appropriate, as

11  well as injunctive relief.  The parties have failed to provide the Court with any analysis of

12  plaintiffs' chances of success or the likelihood of any relief being afforded to plaintiffs if

13  successful, and have failed to discuss whether more than one class is necessary in light of

14  the various state law claims.

15       The parties envision that attorney's fees will be equal to or less than twenty-five

16  percent (25%) of the settlement amount, or $687,500.  They also contemplate that

17  O&R Construction, LLC will receive an incentive award of $5,000, while the other five

18  class representatives will each receive an incentive award of $2,500, for a total in

19  incentive awards of $17,500.  If those amounts are subtracted from the settlement

20  amount, the sum remaining would be $2,045,000, or roughly $58 per class member,

21  assuming all class members shared equally.  Litigation expenses, notice and claims

22  administration fees, taxes, and tax-related expenses, however, must also be deducted

23

ORDER - 3

1   from the settlement amount in advance of any distribution to class members, and the

2   parties have offered no approximations for these items.  Moreover, under the proposed

3   settlement, class members will receive pro rata, rather than equal, shares, and the range of

4   possible recoveries has not been disclosed by the parties.  Absent further information, the

5   expected sum or range of sums that class members might receive, assuming every class

6   member, or a predicted percentage of class members, submitted a claim form, cannot be

7   calculated.  Without such approximate figures, the Court cannot begin to evaluate

8   whether the proposed settlement is fair, reasonable, adequate, and in the best interests of

9   the class, and class members would not be able to form opinions concerning whether or

10   not to object to the proposed settlement.

11          The Court is also not persuaded that requiring class members to submit claim

12   forms is in the best interests of class members or is the most efficient and reasonable

13   manner of administering the settlement fund.  The parties anticipate that defendants can

14   provide electronically searchable records of all persons in California, New Jersey, North

15   Carolina, Ohio, and Washington who purchased a CreditBuilder product during the class

16   period.  The parties have not explained why defendants could not also provide data about

17   when, where, and for how much CreditBuilder products were purchased by such persons,

18   and whether any refunds or credits were issued to them, which data could then be used to

19   compute and distribute the pro rata amount due to each class member.

20          The parties have proposed a method of dividing the settlement proceeds that might

21   create a conflict between the class and its representatives; by allocating settlement funds

22   among only those who complete and return a claim form, the proposed settlement offers

23

ORDER - 4

1  class representatives an incentive to minimize the number of persons or entities who "opt

2  in" so as to maximize their respective pro rata shares.[2]  The parties are encouraged to

3  consider arranging for fixed amounts to be awarded to class members, depending on the

4  number of CreditBuilder products purchased, and for any remaining (*cy pres*) funds to be

5  donated to a charitable organization, the identity of which could be disclosed to class

6  members in any notice about any proposed settlement.

7         For the foregoing reasons, the Court DENIES without prejudice the motions for

8  preliminary approval of class action settlement, docket no. 221 in C12-2184 and docket

9  no. 142 in C14-855.  In any renewed motion, the parties shall discuss how class members

10 will be notified about any request for attorney's fees, *see In re Mercury Interactive Corp.*

11 *Sec. Litig.*, 618 F.3d 988 (9th Cir. 2010), and the parties shall indicate whether, in light of

12 the proposed class definition, these five actions should be consolidated into the lowest

13 cause number before a class is certified for settlement purposes.

14        IT IS SO ORDERED.

15        DATED this 9th day of August, 2016.

16

17                                        THOMAS S. ZILLY
                                          United States District Judge

18

19  _____

20  [2] Even if the Court were to accept the "opt-in" system proposed by the parties, the Court would not
    approve the nine-page claim form submitted by the parties. *See* Ex. A-3 to Proposed Order (C12-2184,
    docket no. 221-1; C14-855, docket no. 142-1).  The proposed claim form contains an agreement to submit
21  to the jurisdiction of this Court, a release of known and unknown claims, a warranty that claims have not
    been assigned or transferred, and a representation concerning the information set forth in the claim form.
22  The parties have not explained why any of these provisions are necessary, and such legalese would likely
    serve only to discourage class members from executing or submitting the claim form.

23

ORDER - 5