1

THE HONORABLE THOMAS S. ZILLY

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT

9

WESTERN DISTRICT OF WASHINGTON

10

AT SEATTLE

11

12

O&R CONSTRUCTION, LLC, Individually and on Behalf of All Others Similarly Situated,

13

Plaintiff,

14

vs.

15

16

DUN & BRADSTREET CREDIBILITY CORPORATION, et al.,

17

Defendants.

18

19

20

21

22

23

24

25

26

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

No.2:12-cv-02184-TSZ

CLASS ACTION

PLAINTIFFS' UNOPPOSED RENEWED MOTION AND MEMORANDUM IN SUPPORT OF PRELIMINARY APPROVAL OF AMENDED CLASS ACTION SETTLEMENT

NOTE ON MOTION CALENDAR: FRIDAY, NOVEMBER 4, 2016

**ORAL ARGUMENT REQUESTED**

PLAINTIFFS' UNOPPOSED RENEWED MOTION AND MEMORANDUM ISO PRELIMINARY APPROVAL OF AMENDED CLASS ACTION SETTLEMENT (2:12-cv-02184-TSZ)

Robbins Geller Rudman & Dowd LLP
655 West Broadway, Suite 1900, San Diego, CA 92101
Telephone: 619/231-1058 • Fax: 619/231-7423

# TABLE OF CONTENTS

                                                                                    **Page**

I.      INTRODUCTION ............................................................................................1

II.     THE LITIGATION AND THE PRIOR PRELIMINARY APPROVAL MOTION ...........3

        A.      History of the Action ......................................................................3

        B.      Description of the Settlement.........................................................4

                1.      The Settlement Provides for a $2.75 Million Cash Payment and
                        Important Non-Monetary Relief ...........................................4

                2.      Calculation and Distribution of Awards .................................5

                3.      The Settlement Provides for a Robust Notice Program ............8

        C.      The Issues Raised by the Court.......................................................9

                1.      Commonality of Claims and Likelihood of Success..................9

                2.      Fees, Expenses and Other Costs ..........................................13

                3.      Potential Recoveries...........................................................13

                4.      Scheduling and Procedure....................................................15

III.    THE COURT SHOULD PRELIMINARILY APPROVE THE SETTLEMENT ...........16

        A.      The Settlement Is Within the Range of Reasonableness ...................17

        B.      The Agreement Is the Product of Arm's-Length Negotiations After
                Sufficient Discovery by Experienced Counsel .....................................17

        C.      The Settlement Provides Important Relief for Settlement Class Members
                and Treats Them Fairly .................................................................18

        D.      The Agreement Is Fair and Reasonable in Light of the Alleged Claims and
                Defenses ....................................................................................19

IV.     PROVISIONAL CERTIFICATION OF THE SETTLEMENT CLASS IS
        APPROPRIATE...............................................................................................20

V.      THE PROPOSED NOTICE PROGRAM IS CONSTITUTIONALLY SOUND.............23

VI.     THE COURT SHOULD CONSOLIDATE THESE ACTIONS FOR
        SETTLEMENT PURPOSES ...............................................................................24

VII.    THIS COURT SHOULD SCHEDULE A FINAL APPROVAL HEARING IN
        ACCORDANCE WITH THE FOLLOWING DATES ................................................25

1192638_2

PLAINTIFFS' UNOPPOSED RENEWED MOTION
AND MEMORANDUM ISO PRELIMINARY
APPROVAL OF AMENDED CLASS ACTION
SETTLEMENT (2:12-cv-02184-TSZ)                - i -

Robbins Geller Rudman & Dowd LLP
655 West Broadway, Suite 1900, San Diego, CA 92101
Telephone: 619/231-1058 • Fax: 619/231-7423

1

2                                                                                                   **Page**

3

VIII.   CONCLUSION....................................................................................................................26

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

PLAINTIFFS' UNOPPOSED RENEWED MOTION
AND MEMORANDUM ISO PRELIMINARY
APPROVAL OF AMENDED CLASS ACTION
SETTLEMENT (2:12-cv-02184-TSZ)          - ii -

Robbins Geller Rudman & Dowd LLP
655 West Broadway, Suite 1900, San Diego, CA 92101
Telephone: 619/231-1058 • Fax: 619/231-7423

1

## TABLE OF AUTHORITIES

2

**Page**

3

**CASES**

4

5

*Amchem Prods. v. Windsor,*
  521 U.S. 591 (1997)..................................................................................10, 21, 22

6

*Arthur v. Sallie Mae, Inc.,*
7
  No. C10-0198JLR, 2012 U.S. Dist. LEXIS 3313
  (W.D. Wash. Jan. 10, 2012)......................................................................17

8

*Class Plaintiffs v. Seattle,*
9
  955 F.2d 1268 (9th Cir. 1992)..................................................................17

10

*Elkins v. Equitable Life Ins. Co. of Iowa,*
  No. 96-296-CIV-T-MB, 1998 WL 133741
11
  (M.D. Fla. Jan. 28, 1998).........................................................................23

12

*Hanlon v. Chrysler Corp.,*
13
  150 F.3d 1011 (9th Cir. 1998) .................................................................20, 21, 22

14

*Harris v. Palm Springs Alpine Estates, Inc.,*
  329 F.2d 909 (9th Cir. 1964) ...................................................................20
15

*In re Mercury Interactive Corp. Sec. Litig.,*
16
  618 F.3d 988 (9th Cir. 2010) ...................................................................15, 16, 25

17

*In re Mex. Money Transfer Litig.,*
18
  267 F.3d 743 (7th Cir. 2001) ...................................................................10

19

*In re POM Wonderful, LLC,*
  No. ML 10-02199 DDP, 2014 U.S. Dist. LEXIS 40415
20
  (C.D. Cal. Mar. 25, 2014) ........................................................................14

21

*In re Pool Prods. Distrib. Market Antitrust Litig.,*
22
  310 F.R.D. 300 (E.D. La. 2015)...............................................................10

23

*In re Tobacco Litig.,*
  192 F.R.D. 90 (E.D.N.Y. 2000) ...............................................................25
24

*In re Warfarin Sodium Antitrust Litig.,*
25
  391 F.3d 516 (3d Cir. 2004).....................................................................10

26

*Lerwill v. Inflight Motion Pictures, Inc.,*
  582 F.2d 507 (9th Cir. 1978) ...................................................................22

PLAINTIFFS' UNOPPOSED RENEWED MOTION
AND MEMORANDUM ISO PRELIMINARY
APPROVAL OF AMENDED CLASS ACTION
SETTLEMENT (2:12-cv-02184-TSZ)         - iii -

Robbins Geller Rudman & Dowd LLP
655 West Broadway, Suite 1900, San Diego, CA 92101
Telephone: 619/231-1058 • Fax: 619/231-7423

**Page**

*Levine v. Diamanthuset, Inc.*,
    No. C-87-5663-MHP, 1992 U.S. Dist. LEXIS 12471
    (N.D. Cal. July 14, 1992) .................................................................................11, 13

*McCluskey v. Trs. of Red Dot Corp. Emp. Stock Ownership Plan & Trust*,
    268 F.R.D. 670 (W.D. Wash. 2010) ................................................................20

*Monterrubio v. Best Buy Stores, L.P.*,
    291 F.R.D. 443 (E.D. Cal. 2013) ....................................................................23

*Mullane v. Cent. Hanover Bank & Trust Co.*,
    339 U.S. 306 (1950)..........................................................................................23

*R.H. v. Premera Blue Cross*,
    No. C13-97RAJ, 2014 U.S. Dist. LEXIS 108503
    (W.D. Wash. Aug. 6, 2014) ............................................................................17

*Rodriguez v. Hayes*,
    591 F.3d 1105 (9th Cir. 2010) .........................................................................21

*Siemer v. Assocs. First Capital Corp.*,
    CV 97-281-TUC-JC, 2000 U.S. Dist. LEXIS 21244
    (D. Ariz. Dec. 14, 2000) ..................................................................................11

*Staton v. Boeing Co.*,
    327 F.3d 938 (9th Cir. 2003) ...........................................................................17

*Stearns v. Ticketmaster Corp.*,
    655 F.3d 1013 (9th Cir. 2011) .........................................................................21

*Vizcaino v. Microsoft Corp.*,
    290 F.3d 1043 (9th Cir. 2002) .........................................................................19

*Wilson v. Venture Fin. Grp., Inc.*,
    No. C09-5768BHS, 2011 U.S. Dist. LEXIS 9691
    (W.D. Wash. Jan. 24, 2011)............................................................................17

*Wolin v. Jaguar Land Rover N. Am., LLC*,
    617 F.3d 1168 (9th Cir. 2010) .........................................................................21

*Zinser v. Accufix Research Inst., Inc.*,
    253 F.3d 1180 (9th Cir. 2001) .........................................................................23

1192638_2

PLAINTIFFS' UNOPPOSED RENEWED MOTION
AND MEMORANDUM ISO PRELIMINARY
APPROVAL OF AMENDED CLASS ACTION
SETTLEMENT (2:12-cv-02184-TSZ)          - iv -

Robbins Geller Rudman & Dowd LLP
655 West Broadway, Suite 1900, San Diego, CA 92101
Telephone: 619/231-1058 • Fax: 619/231-7423

**Page**

**STATUTES, RULES AND REGULATIONS**

Federal Rules of Civil Procedure
    Rule 23(a)................................................................................................20
    Rule 23(a)(1)............................................................................................20
    Rule 23(a)(2)........................................................................................20, 21
    Rule 23(a)(4)............................................................................................21
    Rule 23(b)................................................................................................20
    Rule 23(b)(3)...................................................................................20, 22, 23
    Rule 23(b)(3)(A)........................................................................................23
    Rule 23(b)(3)(B)........................................................................................23
    Rule 23(b)(3)(C)........................................................................................23
    Rule 23(c)(2)............................................................................................23
    Rule 23(c)(4)............................................................................................12
    Rule 23(e)...........................................................................................16, 25
    Rule 42..................................................................................................16
    Rule 42(a)..........................................................................................16, 24

**SECONDARY AUTHORITIES**

Charles A. Wright, Arthur R. Miller & Mary Kay Kane,
    *Federal Prac. & Proc*. (2d ed. 1986)
    §1780....................................................................................................23

*The Manual for Complex Litigation* (*Fourth*) (2004)
    §21.63...................................................................................................17

1192638_2

PLAINTIFFS' UNOPPOSED RENEWED MOTION
AND MEMORANDUM ISO PRELIMINARY
APPROVAL OF AMENDED CLASS ACTION
SETTLEMENT (2:12-cv-02184-TSZ)          - v -

Robbins Geller Rudman & Dowd LLP
655 West Broadway, Suite 1900, San Diego, CA 92101
Telephone: 619/231-1058 • Fax: 619/231-7423

Plaintiffs and proposed Class Representatives in these related and coordinated Actions[1] respectfully submit this memorandum in support of their unopposed renewed motion for preliminary approval of the parties' amended settlement.

## I.   INTRODUCTION

This is the second time a proposed settlement has come before the Court in these Actions. The parties had previously reached a settlement and filed a motion for preliminary approval on May 17, 2016.  Dkt. No. 221.[2]  On August 9, 2016, the Court issued an order denying the motion without prejudice, requesting certain additional information.  Dkt. No. 223.  With the Court's comments in mind, the parties have negotiated an amended Agreement.  The Settlement provides for the same relief to the Settlement Class:  Defendants will make an all cash, non-reversionary payment of $2.75 million, and Defendant D&B will employ one additional full-time employee "whose primary responsibility shall be responding to and enhancing the quality of responses to trade disputes" for at least two years.  Egler Decl., Ex. 1, ¶4.1.  However, under the Settlement, no claim form is required to receive an Award.  *Id.*, Ex. A-1 at 1.  Further, as discussed below, Plaintiffs are providing detailed responses to the Court's request for additional information, and have incorporated that additional information into the proposed notice to the Settlement Class.

As with the initial proposed settlement, the Net Settlement Fund will be distributed to Settlement Class Members on a *pro rata* basis, based upon the Net Purchase Amount (purchase price less any refunds or credits) they paid to Defendants for the CreditBuilder Products at issue, between August 10, 2010 and the date of the preliminary approval order.  *Id.*, ¶9.1.  After payment of any attorneys' fees and litigation expenses and charges and service awards to the Class Representatives awarded by the Court and payment of Notice and Administration Expenses, Taxes and Tax

---

[1]   All capitalized terms, unless otherwise defined herein, are defined in the parties' Amended Stipulation of Settlement, dated as of October 14, 2016 ("Agreement" or "Settlement"), attached as Exhibit 1 to the Declaration of Thomas E. Egler in Support of Plaintiffs' Unopposed Renewed Motion for Preliminary Approval of Amended Class Action Settlement ("Egler Decl."), filed contemporaneously herewith.

[2]   References to "Dkt. No. __" refer to docket entries in the *O&R Construction* action.

PLAINTIFFS' UNOPPOSED RENEWED MOTION
AND MEMORANDUM ISO PRELIMINARY
APPROVAL OF AMENDED CLASS ACTION
SETTLEMENT (2:12-cv-02184-TSZ)        - 1 -

Robbins Geller Rudman & Dowd LLP
655 West Broadway, Suite 1900, San Diego, CA 92101
Telephone: 619/231-1058 • Fax: 619/231-7423

1   Expenses, the average cash recovery for members of the Settlement Class is estimated to be

2   approximately $20.51 per Settlement Class Member.

3          In addition, the parties have agreed to a robust notice process.  The Post Card Notice

4   (Exhibit A-2 to the Agreement) will be mailed to Settlement Class Members identified by

5   Defendants' records, and the longer Class Notice (Exhibit A-1 to the Agreement) will be emailed to

6   them, informing them of their rights under the Agreement, including how to object to the Settlement

7   or exclude themselves, and pointing them to a website for more information.  The notices further

8   explain that no action is required on their part to remain in the Class and receive an Award.

9          In this motion, Plaintiffs respectfully ask the Court to:

10     •     Consolidate the five related Actions at issue into the low-numbered, first-filed action,
             for settlement purposes only;

11

12     •     Certify a Settlement Class for settlement purposes only;

13     •     Appoint the named Plaintiffs in these Actions as Class Representatives and their
             counsel as Class Counsel;

14     •     Approve the form and manner of notice to the Settlement Class;

15     •     Approve the proposed Settlement Administrator, Gilardi & Co. LLC ("Gilardi");

16     •     Preliminarily approve the Settlement; and

17     •     Approve the other procedures that lead to the Final Approval Hearing for the
             Settlement.

18
          For the reasons stated below, Plaintiffs believe the Settlement represents a good recovery for
19
   the Settlement Class Members under the circumstances presented, and addresses the Court's
20
   concerns reflected in its August 9, 2016 Order.  As discussed below, Defendants have raised a
21
   number of defenses – included in fully briefed class certification motions – that create a meaningful
22
   risk that class member will receive no recovery.  Accordingly, Plaintiffs ask the Court to
23
   preliminarily approve the Settlement.
24

25

26

PLAINTIFFS' UNOPPOSED RENEWED MOTION
AND MEMORANDUM ISO PRELIMINARY
APPROVAL OF AMENDED CLASS ACTION
SETTLEMENT (2:12-cv-02184-TSZ)          - 2 -

Robbins Geller Rudman & Dowd LLP
655 West Broadway, Suite 1900, San Diego, CA 92101
Telephone: 619/231-1058 • Fax: 619/231-7423

## II.     THE LITIGATION AND THE PRIOR PRELIMINARY APPROVAL MOTION

### A.     History of the Action

"CreditBuilder" refers to a line of products created, marketed, and sold by Defendants.  The CreditBuilder Products, among other things, provide small businesses with the ability to establish and build their D&B credit files, monitor their credit profiles, and benchmark themselves relative to competitors.  On December 13, 2012, Plaintiff O&R Construction, LLC ("O&R") filed a lawsuit in this District alleging that Defendants misrepresented CreditBuilder's value and effectiveness.  O&R sought damages and injunctive relief under various Washington state laws for itself and for all other purchasers of CreditBuilder in the State of Washington.  Subsequently, other plaintiffs filed actions in federal district courts in other states, making similar allegations, and, by agreement, those Actions were transferred to, and are now pending before, this Court.  They include the following:

1.     *O&R Construction, LLC v. Dun & Bradstreet Credibility Corporation, et al.*, No. 2:12-cv-02184-TSZ ("*O&R Construction*"), originally filed on December 13, 2012 in this District;

2.     *Die-Mension Corporation v. Dun & Bradstreet Credibility Corporation, et al.*, No. 2:14-cv-00855-TSZ ("*Die-Mension*"), originally filed on February 20, 2014 in the Northern District of Ohio;

3.     *Vinotemp International Corporation, et al. v. Dun & Bradstreet Credibility Corporation, et al.*, No. 2:14-cv-01021-TSZ ("*Vinotemp*"), originally filed on March 24, 2014 in the Central District of California;

4.     *Flow Sciences, Inc. v. Dun & Bradstreet, Inc., et al.*, No. 2:14-cv-01404-TSZ ("*Flow Sciences*"), originally filed on June 13, 2014 in the Eastern District of North Carolina; and

5.     *Altaflo, LLC v. Dun & Bradstreet Credibility Corporation, et al.*, No. 2:14-cv-01288-TSZ ("*Altaflo*"), originally filed on June 20, 2014 in the District of New Jersey.

*See*, *e.g.*, Dkt. No. 93, ¶¶84-128.

The complaints in these Actions are similar and allege, *inter alia*, the following improper business practices by Defendants:

• That DBCC overstated CreditBuilder's ability to affect D&B records and reports;

• That D&B's records regarding class members were false or inaccurate, and when published as part of the D&B reports, caused damage to class members;

PLAINTIFFS' UNOPPOSED RENEWED MOTION
AND MEMORANDUM ISO PRELIMINARY
APPROVAL OF AMENDED CLASS ACTION
SETTLEMENT (2:12-cv-02184-TSZ)          - 3 -

Robbins Geller Rudman & Dowd LLP
655 West Broadway, Suite 1900, San Diego, CA 92101
Telephone: 619/231-1058 • Fax: 619/231-7423

- That Defendants ignored class members' complaints and attempts to correct the false and inaccurate data; and

- That D&B transmitted false or inaccurate records and information to DBCC about class members and that those records and information were communicated to class members as part of the DBCC sales pitch for CreditBuilder.

*Id.* Each of the Plaintiffs sought to represent a class of small businesses from its respective state that purchased a CreditBuilder Product from DBCC. *Id.*, ¶¶74-82.

Since the time the initial *O&R Construction* action was filed, Plaintiffs' Counsel have worked diligently to prosecute the claims, including pursuing essential discovery. Plaintiffs' Counsel have reviewed and analyzed over 800,000 pages of documents produced by Defendants and non-parties and have taken 25 depositions. Additionally, Plaintiffs produced relevant documents and information to Defendants, and the owner of O&R sat for a lengthy deposition. In addition, a number of former DBCC employees, serving as witnesses for Plaintiffs, were deposed by Defendants. Further, experts for all parties served comprehensive reports, engaged in extensive expert discovery and were deposed. Finally, the parties had fully briefed Plaintiffs' motion for class certification, based on the class alleged in the *O&R Construction* action, and were in the process of completing briefing on the motions for certification in the other related Actions when, on February 10, 2016, after weeks of negotiation, the parties came to the initial global resolution of all the Actions and signed a Term Sheet reflecting that resolution.

Plaintiffs filed an unopposed motion for preliminary approval of the initial settlement on May 17, 2015. Dkt. No. 221. On August 9, 2016, the Court denied that motion without prejudice and identified certain issues to be addressed. Now, after further negotiations and work by the parties, including entering into the Agreement, Plaintiffs are renewing their motion.

**B.     Description of the Settlement**

    **1.     The Settlement Provides for a $2.75 Million Cash Payment and Important Non-Monetary Relief**

As with the prior proposed settlement, under the amended Settlement, Defendants will make an all cash, non-reversionary payment of $2,750,000. In addition to the monetary relief, Defendant

PLAINTIFFS' UNOPPOSED RENEWED MOTION
AND MEMORANDUM ISO PRELIMINARY
APPROVAL OF AMENDED CLASS ACTION
SETTLEMENT (2:12-cv-02184-TSZ)          - 4 -

Robbins Geller Rudman & Dowd LLP
655 West Broadway, Suite 1900, San Diego, CA 92101
Telephone: 619/231-1058 • Fax: 619/231-7423

1    D&B will "have one additional full-time employee whose primary responsibility shall be responding
2    to and enhancing the quality of responses to trade disputes" for two years after final approval of this
3    Settlement.   Egler Decl., Ex. 1, ¶4.1.   In their complaints, Plaintiffs allege that D&B did not
4    adequately investigate Settlement Class Member "trade disputes" – *i.e.*, instances in which a
5    business challenges information in its credit report.   The Agreement's non-monetary relief directly
6    addresses this key claim by requiring D&B to hire one additional employee to enhance D&B's trade
7    dispute procedures and processes, providing an important benefit to Settlement Class Members.

8         The Settlement contemplates the certification of one Settlement Class for the consolidated
9    Actions defined as "all Persons in Washington State, Ohio, New Jersey, North Carolina and
10   California who purchased a CreditBuilder Product during the Class Period and who do not request
11   exclusion from the Settlement."[3] *Id.*, ¶2.40.

12        **2.**     **Calculation and Distribution of Awards**

13        In the prior proposed settlement, Settlement Class Members were required to submit claim
14   forms in order to receive their Awards.   Dkt. No. 223 at 4.   This is no longer the case.   Under the
15   Settlement, all Settlement Class Members who do not exclude themselves will be mailed Award
16   checks.   Defendants will identify all of the Settlement Class Members, collect their relevant contact
17   and transaction information, and transmit such information to the Settlement Administrator.   Egler
18   Decl., Ex. A., ¶5.3.   The Settlement Administrator will then calculate and distribute Settlement Class
19   Members' Awards.   *Id.*, ¶¶8.1-8.4.

20        Each Settlement Class Member's Award will be calculated based on the Net Purchase
21   Amount – the amount he, she or it paid for a CreditBuilder Product, less any amounts received as
22   refunds or credits.   The Settlement Class Member's *pro rata* portion of the Net Settlement Fund will
23   be calculated by multiplying the Net Settlement Fund by (i) the individual Settlement Class

24
___
25   [3]   The Agreement defines "Person" as "an individual, corporation, partnership, limited partnership,
     association, joint stock company, estate, legal representative, trust, unincorporated association,
26   government or any political subdivision or agency thereof, and any business or legal entity and their
     spouses, heirs, predecessors, successors, representatives, or assignees." *Id.*, ¶2.27.

PLAINTIFFS' UNOPPOSED RENEWED MOTION
AND MEMORANDUM ISO PRELIMINARY
APPROVAL OF AMENDED CLASS ACTION
SETTLEMENT (2:12-cv-02184-TSZ)     - 5 -

Robbins Geller Rudman & Dowd LLP
655 West Broadway, Suite 1900, San Diego, CA 92101
Telephone: 619/231-1058 • Fax: 619/231-7423

1    Member's Net Purchase Amount (ii) divided by the total of all Net Purchase Amounts for the entire

2    Class. *Id.*, ¶9.1. Awards will vary by Settlement Class Member because: (i) some Settlement Class

3    Members paid for the services at issue for more years than others; (ii) CreditBuilder was offered at

4    three different price levels (basic, "Plus," and "Premium"); (iii) Settlement Class Members paid a

5    variety of prices based, for instance, on negotiations with DBCC Credit Advisors during the sales

6    call; and (iv) some Settlement Class Members received refunds or credits. The Settlement

7    Administrator will mail Award checks directly to Settlement Class Members who do not exclude

8    themselves. *Id.*, ¶8.3.

9         Settlement Class Members that seek to contest their Awards will have 20 days from the date

10   of the mailing of the Award to contact the Settlement Administrator. *Id.*, ¶8.6. If such disputes

11   cannot be resolved, Class Counsel will bring the issue to the Court. *Id.*

12        Settlement Class Members will have 90 days to cash their Award checks, or they will

13   become "stale." *Id.*, ¶8.5. After the "stale date," if economically feasible, Class Counsel will

14   equitably re-allocate any remaining funds from uncashed checks to those Settlement Class Members

15   who cashed their initial Award checks, and the Settlement Administrator will perform a second

16   mailing. *Id.* When any further distribution is not feasible, the remaining *de minimis* balance (*i.e.*,

17   less than $10,000) will be distributed to the Washington State Bar Foundation. *Id.*

18        Based on information supplied by Defendants, Plaintiffs' Counsel estimate that the average

19   Award check will be approximately $20.51.[4] This is based on a Settlement Class consisting of

20   approximately 89,719 Persons[5] and an estimated Net Settlement Fund of $1,841,000, calculated as

21   follows:

22

23

24   [4]   As noted above, the actual amount of each Settlement Class Member's Award will vary
     depending on a number of factors.

25   [5]   Plaintiffs' initial motion for preliminary approval stated that the "Class Members total more than
26   35,000." Dkt. No. 221 at 8. This number was based on outdated information. Plaintiffs now have
     updated information from Defendants.

PLAINTIFFS' UNOPPOSED RENEWED MOTION
AND MEMORANDUM ISO PRELIMINARY
APPROVAL OF AMENDED CLASS ACTION
SETTLEMENT (2:12-cv-02184-TSZ)          - 6 -

Robbins Geller Rudman & Dowd LLP
655 West Broadway, Suite 1900, San Diego, CA 92101
Telephone: 619/231-1058 • Fax: 619/231-7423

| | | |
|---|---|---|
| Settlement Amount: | | $2,750,000 |
| Less Estimated Expenses for: | | |
| Notice and Administration Expenses | $154,000[6] | |
| Taxes and Tax Expenses | $10,000[7] | |
| Attorneys' Fees | $302,500[8] | |
| Litigation Expenses and Charges | $425,000[9] | |
| Service Awards | $17,500[10] | |
| Subtotal | | $909,000 |
| **Estimated Net Settlement Amount** | | **$1.841.000** |

---

[6]   *See* Declaration of Michael Joaquin Regarding Notice and Distribution Services ("Joaquin Decl."), ¶4, filed herewith.  The Agreement provides that "[p]rior to the Effective Date, and without further approval of the Court, up to $70,000 of the Settlement Fund may be used by Class Counsel to pay Notice and Administration Expenses."  Egler Decl., Ex. 1, ¶4.9.  The "Effective Date" is three business days after the Final Judgment and Order Approving Settlement becomes final.  *Id.*, ¶¶2.15, 13.2.  The $70,000, therefore, is intended to cover the Settlement Administrator's costs of notice under the Settlement, which includes, among others, generating the contact lists from data provided by Defendants, printing, postage and administrative costs of mailing and emailing the notices, and communicating with Settlement Class Members who contact the Settlement Administrator.  *See* Joaquin Decl., Ex. B.  The balance of the estimated Notice and Administration Expenses amount ($84,000) will be used for mailing Awards to all Settlement Class Members, communicating with Settlement Class Members, handling inquiries and disputes, and re-distribution of money from uncashed Awards, if practical.  *Id.*; *see also* Egler Decl., Ex 1, ¶¶8.3-8.6.

[7]   This is an estimate of Taxes and Tax Expenses likely to be incurred, based on Plaintiffs' Counsel's experience in numerous common fund settlements.  Egler Decl., ¶4.

[8]   Plaintiffs' Counsel intend to request attorneys' fees of 11% of the Settlement Amount, significantly less than the 25% identified in the initial settlement (Dkt. No. 222-1 at 11).  This amount is also significantly below Plaintiffs' Counsel's current lodestar.  Egler Decl., ¶3.  This amount is also set forth in both notices.  *Id.*, Ex. 1 at Exs. A-1 & A-2.

[9]   This represents Plaintiffs' Counsel's current estimate for litigation expenses and charges and includes amounts for copying, travel, and experts, among other things.  *Id.*, ¶3.

[10]   Each of the Plaintiffs took the affirmative act to serve as a proposed class representative in a representative action knowing that they would be subject to discovery requests from Defendants that would carry far more burden than an arbitration or small claims court case would bring.  Each of the Plaintiffs participated fully in discovery when it was sought, producing all information and documents relevant to Defendants' discovery requests.  Further, each of the Plaintiffs was prepared to serve not only as a plaintiff, but also as a Class Representative, had the litigation continued.  Plaintiff O&R's award is larger than the others because the owner of O&R prepared for and sat for a lengthy deposition during the class certification process, and O&R was the first plaintiff to bring an action in this litigation.

PLAINTIFFS' UNOPPOSED RENEWED MOTION
AND MEMORANDUM ISO PRELIMINARY
APPROVAL OF AMENDED CLASS ACTION
SETTLEMENT (2:12-cv-02184-TSZ)        - 7 -

Robbins Geller Rudman & Dowd LLP
655 West Broadway, Suite 1900, San Diego, CA 92101
Telephone: 619/231-1058 • Fax: 619/231-7423

### 3.   The Settlement Provides for a Robust Notice Program

The Settlement provides for a robust notice program. Defendants will provide to the Settlement Administrator the last known email and physical mailing address of each Settlement Class Member. With the Court's approval, Gilardi will in turn mail a Post Card Notice (Egler Decl., Ex. 1 at Ex. A-2) and email the longer Class Notice (*id.*, Ex. A-1) to all Settlement Class Members. *Id.*, ¶6.2. The Class Notice will also be posted at http://dandbcreditbuilderlawsuit.com, a dedicated website maintained by the Settlement Administrator containing more details of the Actions and the proposed Settlement, as well as contact information for the Settlement Administrator and Class Counsel. *Id.*, ¶7.2. Both notices will contain descriptions of the payment procedures, Settlement Class Members' rights to object or exclude themselves from the Settlement Class, and a link to the settlement website. The Settlement Administrator also will distribute the Class Notice to anyone who requests it. *Id.*, ¶7.1.

Both notices also disclose the amount which Plaintiffs' Counsel intend to seek in attorney's fees and litigation expenses at final approval, as well as the amounts of service awards they will seek for the Class Representatives. Egler Decl., Ex. 1 at Ex. A-1 at 11; *id.* at Ex. A-2 at 2.

Further, both notices will contain an estimate of the average Award amount. *See* Egler Decl., Ex. 1 at Ex. A-1 (Noting that "[t]he average recovery, after payment of any attorneys' fees, litigation expenses, service awards to Class Representatives, and certain settlement administration expenses, is expected to be approximately $20.51 per Settlement Class Member."); *id.* at Ex. A-2 (The average recovery, after payment of any attorneys' fees, litigation expenses, service awards to Class Representatives and certain administrative expenses, is expected to be $20.51 per Settlement Class Member."). Finally, pursuant to the Court's August 9, 2016 Order, both notices also disclose the basic distribution process, including that no claim form is required and the identity of the charitable organization that would receive the *de minimis* balance of the Net Settlement Fund after all feasible distributions have been made to Settlement Class Members.

1192638_2

PLAINTIFFS' UNOPPOSED RENEWED MOTION
AND MEMORANDUM ISO PRELIMINARY
APPROVAL OF AMENDED CLASS ACTION
SETTLEMENT (2:12-cv-02184-TSZ)            - 8 -

Robbins Geller Rudman & Dowd LLP
655 West Broadway, Suite 1900, San Diego, CA 92101
Telephone: 619/231-1058 • Fax: 619/231-7423

C.     The Issues Raised by the Court

In its August 9, 2016 Order, the Court asked Plaintiffs to address certain points and to provide further information relating to the Settlement.  Dkt. No. 223.

1.     Commonality of Claims and Likelihood of Success

The Court instructed the parties to (i) "provide the Court with any analysis of plaintiffs' chances of success or the likelihood of any relief being afforded to plaintiffs if successful" and in that context, (ii) "discuss whether more than one class is necessary in light of the various state law claims." Dkt No. 223 at 3.  The class issue is better addressed first, as it informs the recovery issue.

Plaintiffs' Counsel believe that only one Settlement Class is required in this case.  Each of the five related complaints: (i) challenges the same conduct and therefore essentially includes the same factual predicate; (ii) brings similar consumer protection and common law claims against Defendants; and (iii) seeks the same relief.[11]  For instance, each complaint alleges that DBCC's sales pitch to small businesses misrepresented: (i) the true value of CreditBuilder *vis-à-vis* the ability to add trade references; and (ii) the number of actual inquiries into a small business' credit profile.  As to D&B, Plaintiffs alleged that D&B's credit scores are based on inaccurate information and that D&B provided inaccurate inquiry numbers to DBCC to sell CreditBuilder to small businesses.  Next, each complaint brings claims under its own state's consumer protection statute, as well as common law claims of Negligent Misrepresentation, Defamation and Negligence.[12]  Finally, each of the

---

[11]   *O&R Construction*, No. 2:12-cv-02184-TSZ, Complaint (W.D. Wash.), Dkt. No. 93, ¶¶84-128; *Die-Mension*, No. 2:14-cv-00855-TSZ, Complaint (N.D. Ohio), Dkt. No. 91, ¶¶70-94; *Vinotemp*, No. 2:14-cv-01021-TSZ, Complaint (C.D. Cal.), Dkt. No. 93, ¶¶98-147; *Altaflo*, No. 2:14-cv-01288-TSZ, Complaint (D.N.J.), Dkt. No. 64, ¶¶72-96; *Flow Sciences*, No. 2:14-cv-01404-TSZ, Complaint (E.D.N.C.), Dkt. No. 73, ¶¶79-105.

[12]   *Die-Mension* brings a claim under Ohio's Deceptive Trade Practices Act, R.C. 4165.  No. 2:14-cv-00855-TSZ, Dkt. No. 91, ¶70.  *Altaflo* brings claims under New Jersey's Consumer Fraud Act, N.J. Stat. §56:8-1.  No. 2:14-cv-01288-TSZ, Dkt. No. 64, ¶72.  *O&R Construction* brings a claim for Unfair and Deceptive Acts under Rev. Code Wash. §19.86.020.  No. 2:12-cv-02184-TSZ, Dkt. No. 93, ¶116.  *Vinotemp* brings claims under California's Unfair Competition Law, Cal. Bus. & Prof. Code §17200, and its False Advertising Law, Cal. Bus. & Prof. Code §17500.  No. 2:14-cv-01021-TSZ, Dkt. No. 93, ¶¶98, 109.  *Flow Sciences* brings claims under North Carolina's Unfair Trade Practice Act, N.C. Gen. Stat. §75.1.1.  No. 2:14-cv-01404-TSZ, Dkt. No. 73, ¶¶79, 91.

PLAINTIFFS' UNOPPOSED RENEWED MOTION AND MEMORANDUM ISO PRELIMINARY APPROVAL OF AMENDED CLASS ACTION SETTLEMENT (2:12-cv-02184-TSZ)        - 9 -

Robbins Geller Rudman & Dowd LLP
655 West Broadway, Suite 1900, San Diego, CA 92101
Telephone: 619/231-1058 • Fax: 619/231-7423

1   complaints seeks remedies of compensatory, benefit-of-the-bargain, and equitable remedies of

2   restitution and rescission, among others. *Id*. Each of the complaints also contains the same Prayer

3   for Relief. In short, the gravamen of each case and relief sought are largely the same.

4           Further, to the extent there are any differences among state law claims, such differences are

5   minimized in the settlement context. This is because "the same concerns with regards to case

6   manageability that arise with litigation classes are not present with settlement classes, and thus those

7   variations are irrelevant to certification of a settlement class." *In re Warfarin Sodium Antitrust*

8   *Litig.*, 391 F.3d 516, 529 (3d Cir. 2004); *see also In re Mex. Money Transfer Litig.*, 267 F.3d 743,

9   747 (7th Cir. 2001) ("Given the settlement, no one need draw fine lines among state-law theories of

10  relief."); *In re Pool Prods. Distrib. Market Antitrust Litig.*, 310 F.R.D. 300, 312 (E.D. La. 2015)

11  (collecting cases and noting that "state law variations are rightly viewed as creating primarily

12  manageability concerns, which under [*Amchem Prods. v. Windsor*, 521 U.S. 591, 620 (1997)] the

13  Court need not consider in the settlement context"). Therefore, even though the Actions assert

14  different state law claims, the Court may certify one class across all of the complaints for settlement

15  purposes.

16          The Court also requested that the parties provide an "analysis of plaintiffs' chances of

17  success or the likelihood of any relief being afforded to plaintiffs if successful." Dkt. No. 223 at 3.

18  While Plaintiffs believe their claims have merit, success was by no means guaranteed, and – absent a

19  settlement – there is a meaningful risk that class members would receive no recovery. Defendants

20  argued at class certification, and would have continued to argue on summary judgment and at trial,

21  that CreditBuilder is a product that provides a variety of benefits to small businesses. *See, e.g.*, Dkt.

22  No. 187 at 4-5. Among those is the ability to add positive trade references – vendors with which a

23  small business has positive payment experiences. *Id*. at 4. Further, while Plaintiffs alleged that

24  Defendants failed to disclose CreditBuilder's inability to add certain trade references to their D&B

25  credit profile, Defendants argued that the CreditBuilder website in fact disclosed such limitations.

26

PLAINTIFFS' UNOPPOSED RENEWED MOTION
AND MEMORANDUM ISO PRELIMINARY
APPROVAL OF AMENDED CLASS ACTION
SETTLEMENT (2:12-cv-02184-TSZ)        - 10 -

Robbins Geller Rudman & Dowd LLP
655 West Broadway, Suite 1900, San Diego, CA 92101
Telephone: 619/231-1058 • Fax: 619/231-7423

1    Further, most of the sales of CreditBuilder to small businesses took place over the phone,

2    based on oral representations by DBCC credit advisors, which Defendants claimed were materially

3    different depending on the small business owner on the other end of the line.  Courts in the Ninth

4    Circuit are split as to whether such circumstances bar class certification, making the outcome of

5    Plaintiffs' class certification motions far from certain.  *Compare, e.g.*, *Siemer v. Assocs. First*

6    *Capital Corp.*, CV 97-281-TUC-JC (JMR), 2000 U.S. Dist. LEXIS 21244, at *23 (D. Ariz. Dec. 14,

7    2000) ("'Courts have consistently denied class certification where, as in the present case, plaintiffs'

8    class allegations are based on combined oral and written representations.'"),[13] *with Levine v.*

9    *Diamanthuset, Inc.*, No. C-87-5663-MHP, 1992 U.S. Dist. LEXIS 12471, at *27 (N.D. Cal. July 14,

10   1992) ("when nonstandard oral representations do not vary materially from standardized written

11   representations, courts have held that class certification is proper").

12   Moreover, while the complaints in the Actions seek an entire refund of the purchase price,

13   the likelihood of the Court or a jury finding that the CreditBuilder Product had zero value is remote,

14   at best.  The more likely outcome was a refund of only the value of the ability to add trade

15   references, or even certain specific trade references (because there is no dispute that some were able

16   to be added).

17   Plaintiffs also alleged that small businesses were deceived into purchasing CreditBuilder

18   because DBCC credit advisors gave them inaccurate information (received from D&B) regarding the

19   true number of inquiries in their credit profile.  There were, however, difficulties proving this claim

20   and certifying a class based on this claim.  Defendants argued in opposition to class certification that

21   this claim could not be adjudicated on a classwide basis because, among other reasons, each class

22   member would have to prove: (i) that its inquiry count was improperly "inflated"; (ii) that a DBCC

23   sales representative told the class member the "inflated" inquiry count; (iii) that the class member

24   purchased CreditBuilder because of the "inflated" inquiry count; and (iv) that the class member

25   would not have made the purchase but for being told the "inflated" inquiry number.  Statistical

26   _____

[13]    Unless otherwise noted citations and quotations have been omitted.

PLAINTIFFS' UNOPPOSED RENEWED MOTION
AND MEMORANDUM ISO PRELIMINARY
APPROVAL OF AMENDED CLASS ACTION
SETTLEMENT (2:12-cv-02184-TSZ)            - 11 -

Robbins Geller Rudman & Dowd LLP
655 West Broadway, Suite 1900, San Diego, CA 92101
Telephone: 619/231-1058 • Fax: 619/231-7423

1    evidence submitted by Defendants' experts showed that, in fact, inquiry counts were not uniformly

2    inflated.  And from listening to and transcribing dozens of audio recordings of small business

3    solicitations by DBCC credit advisors, it appears that not all CreditBuilder purchasers based their

4    decision on the number of inquiries into their business.  And while an inaccurate number of inquiries

5    may have been a factor in a particular purchase decision, it is unclear how much of a factor it was, if

6    any.  For instance, a credit advisor may have told a small business that they had ten credit inquiries

7    by other businesses.  However, two of those ten may have been improper duplicates by D&B.  Not

8    surprisingly, among other things, D&B thus has argued that it is impossible to prove causation and

9    injury on a classwide basis and, therefore, no class should be certified with respect to Plaintiffs'

10   claims relating to the inflated inquiries.  *See*, *e.g.*, Dkt. No. 188 at 1-2.

11          Finally, the focus of Plaintiffs' defamation claim against D&B concerned D&B's internal

12   algorithms which it used to categorize small businesses based on the likelihood of default, and the

13   impact such information may have had on credit scores.  Plaintiffs alleged that D&B did not really

14   have any business-specific information to reach that conclusion.  In essence, Plaintiffs are

15   challenging D&B's entire business model – a model used and perfected by D&B over the course of a

16   200-year history.  In addition, because Plaintiffs' defamation claim was a claim that had, as far as

17   Plaintiffs' Counsel knew, never been certified for class treatment, Plaintiffs only sought certification

18   of certain elements of the claim under Rule 23(c)(4), the success of which was far from certain.

19   D&B contended, among other things, that: (i) Plaintiffs had no standing to bring a defamation claim

20   individually or on a classwide basis because Plaintiffs suffered no injury attributable to D&B; (ii) the

21   elements for which Plaintiffs sought class certification – publication, fault, and general damages –

22   could not be adjudicated on a classwide basis because individual issues predominated; and (iii) there

23   was no evidence that D&B acted maliciously.

24          In short, Plaintiffs faced significant factual and legal obstacles in certifying a class, opposing

25   summary judgment, prevailing at trial, and proving damages, and based on the significant discovery

26

PLAINTIFFS' UNOPPOSED RENEWED MOTION
AND MEMORANDUM ISO PRELIMINARY
APPROVAL OF AMENDED CLASS ACTION
SETTLEMENT (2:12-cv-02184-TSZ)          - 12 -

Robbins Geller Rudman & Dowd LLP
655 West Broadway, Suite 1900, San Diego, CA 92101
Telephone: 619/231-1058 • Fax: 619/231-7423

1    Plaintiffs' Counsel completed and the parties' motion practice to date, Plaintiffs' Counsel believe

2    that the proposed Settlement is fair and reasonable in light of these meaningful risks.

### 2.    Fees, Expenses and Other Costs

4    Next, the Court asked for "approximations" of the total of "attorney's fees," "incentive

5    awards," "[l]itigation expenses, notice and claims administration fees, taxes, and tax-related

6    expenses." Dkt. No. 223 at 3-4.  As noted above, each of those approximations are provided as part

7    of this motion, and the average, estimated Award amount will be provided in the notices sent to

8    Settlement Class Members.

### 3.    Potential Recoveries

10    The Court asked about data on the "range of possible recoveries" to Settlement Class

11    Members.  *Id*. at 4.  As discussed above, the various related complaints call for similar remedies

12    across the various state law statutory and common law causes of action. *See* above at 9-10.  Under

13    their statutory causes of action, Plaintiffs sought restitution in the form of a full refund of the

14    purchase price with interest.  If the jury decided there should be a full refund, the recovery would be

15    equal to the purchase price, except for any amounts received for refunds or credits.  *See* Dkt. No.

16    169-3, Ex. 98 at 14.  Separately, one of Plaintiffs' experts, Dr. William Dunkelberg, calculated that

17    the damages available to a plaintiff due to the rejection of trade references should be measured on a

18    per trade reference basis, proportional to the amount spent on the product, capped at its annual cost.

19    *Id*.  While both of these remedies call for a potential offset, the highest possible recovery would be

20    the purchase price, less any refunds or credits.

21    Based on the classwide data that Defendants' Counsel provided to Plaintiffs' Counsel, the

22    average amount paid by Settlement Class Members for the entire CreditBuilder Product is $856.09,

23    including all refunds and credits.  Egler Decl., ¶2.  This classwide average is consistent with the

24

25

26

PLAINTIFFS' UNOPPOSED RENEWED MOTION
AND MEMORANDUM ISO PRELIMINARY
APPROVAL OF AMENDED CLASS ACTION
SETTLEMENT (2:12-cv-02184-TSZ)          - 13 -

Robbins Geller Rudman & Dowd LLP
655 West Broadway, Suite 1900, San Diego, CA 92101
Telephone: 619/231-1058 • Fax: 619/231-7423

1    purchases by the Class Representatives who paid an average of $831.25 per year for the

2    CreditBuilder Products.[14]

3         A 100% recovery would imply that the finder of fact determined that the CreditBuilder

4    Product provided absolutely zero value to purchasers.  However, Defendants argued (in opposition to

5    Plaintiffs' motions for class certification) that, at a minimum, a substantial offset would apply on the

6    question of overall value.  *See* Dkt. No. 187 at 4.  Therefore, even assuming a liability verdict, the

7    recovery could vary substantially as a result of the offset.  Thus, if Defendants were successful in

8    arguing that CreditBuilder provided some value to Settlement Class Members (*i.e.*, that

9    CreditBuilder provided benefits and services beyond the ability to add positive trade references), not

10   only would such value substantially offset any damages, it would make class certification more

11   difficult.  *See In re POM Wonderful, LLC*, No. ML 10-02199 DDP (RZx), 2014 U.S. Dist. LEXIS

12   40415, at *18, *21 (C.D. Cal. Mar. 25, 2014) (decertifying class based on class members' varying

13   reasons for purchasing the product and failure of plaintiffs' damages model to account for benefits

14   obtained from product).

15        The Court also suggested that the parties consider "fixed amounts to be awarded to class

16   members, depending on the number of CreditBuilder products purchased."  Dkt. No. 223 at 5.

17   However, Plaintiffs believe that the Settlement Class is best served by structuring the recovery based

18   on the Net Purchase Amount (amount paid less any refunds or credits) during the Class Period.

19   Egler Decl., Ex. 1, ¶9.1(b).  The reason for this is that CreditBuilder was offered at three different

20   levels, and each Plaintiff paid a different price each year.  The same variations exist among

21

22   ───────────────────────────

23   [14]   DBCC offered a base level of the product, as well as "Plus" and "Premium" levels.  Plaintiff
     Die-Mension purchased a product in April 2012 for $39.99 per month (or $479.88 annually).  No.
24   2:14-cv-00855-TSZ, Dkt. No. 91, ¶54.  Plaintiff Altaflo purchased a product in May 2011 for $499,
     and again in May 2012 for $499.  No. 2:14-cv-01288-TSZ, Dkt. No. 64, ¶41.  Plaintiff O&R
25   purchased a product for "an activation fee of $149" and $69 per month (or $977 total per year).  No.
     2:12-cv-02184-TSZ, Dkt. No. 93, ¶68.  Plaintiff Vinotemp purchased a product in October 2010 for
26   $549.00, in November 2012 for $799.00 and in November 2013 for $1,100.00.  No. 2:14-cv-01021-
     TSZ, Dkt. No. 93, ¶42.  Plaintiff Flow Sciences purchased a product in November 2012 for $1,599
     and a $149 activation fee.  No. 2:14-cv-01404-TSZ, Dkt. No. 73, ¶64

PLAINTIFFS' UNOPPOSED RENEWED MOTION
AND MEMORANDUM ISO PRELIMINARY
APPROVAL OF AMENDED CLASS ACTION
SETTLEMENT (2:12-cv-02184-TSZ)            - 14 -

Robbins Geller Rudman & Dowd LLP
655 West Broadway, Suite 1900, San Diego, CA 92101
Telephone: 619/231-1058 • Fax: 619/231-7423

1   Settlement Class Members.  Certain Settlement Class Members also received a refund or credit,

2   which Plaintiffs believe should be factored into the Award.

3         The Court also encouraged the parties to consider donating the remaining funds to "a

4   charitable organization, the identity of which could be disclosed to class members in any notice

5   about any proposed settlement."  Dkt. No. 223 at 5.  As noted above, the Settlement does just that,

6   donating any remainder to the Washington State Bar Foundation, and the parties have included this

7   information in both notices.[15]

8         Next, the Court noted that a conflict might arise "between the class and its representatives; by

9   allocating settlement funds among only those who complete and return a claim form, the proposed

10   settlement offers class representatives an incentive to minimize the number of persons or entities

11   who 'opt in' so as to maximize their respective pro rata shares."  Dkt. No. 223 at 4-5.  This concern

12   is addressed under the Settlement as Awards will be paid to all Settlement Class Members without

13   any need for a claim form.[16]

14               **4.**     **Scheduling and Procedure**

15         The Court next asked the parties to address the issues raised in *In re Mercury Interactive*

16   *Corp. Sec. Litig.*, 618 F.3d 988 (9th Cir. 2010).  *See* Dkt. No. 223 at 5.  In that securities class action

17   settlement, the class counsel sought a 25% fee.  *Mercury Interactive*, 618 F.3d at 990-91.  Although

18   the intent to seek that fee was discussed in the class notice, the class counsel there did not file its

19   motion for approval of its fee until two weeks ***after*** the deadline for submitting objections.  *Id.*

20   While two class members objected to the fee, the trial court nevertheless approved the requested

21

22   [15]   The parties believe that the Washington State Bar Foundation is an appropriate *cy pres* recipient
23   given that this case is pending in Washington and the Foundation's mission is to generally "provide
     financial support for programs of the Washington State Bar Association that promote diversity
24   within the legal profession and enhance the public's access to, and understanding of, the justice
     system." *See* http://www.wsba.org/About-WSBA/Washington-State-Bar-Foundation.  To the extent
25   the Court believes a different organization should receive any *cy pres* distribution, the parties are
     open to having a discussion with the Court regarding same.

26   [16]   The Court also raised concerns regarding the claim form from the initial settlement.  Dkt.
     No. 223 at 5 n.2.  As there is no longer a claim form, those issues are now moot.

PLAINTIFFS' UNOPPOSED RENEWED MOTION
AND MEMORANDUM ISO PRELIMINARY
APPROVAL OF AMENDED CLASS ACTION
SETTLEMENT (2:12-cv-02184-TSZ)     - 15 -

Robbins Geller Rudman & Dowd LLP
655 West Broadway, Suite 1900, San Diego, CA 92101
Telephone: 619/231-1058 • Fax: 619/231-7423

amount.  *Id.*  The Court of Appeals held that the district court should have scheduled the objection date after the filing of any fee motion "to ensure that the class has an adequate opportunity to review and object to its counsel's fee motion and, [if appropriate and allowed by the Court] conduct discovery."  *Id.* at 995.  Here, Plaintiffs' Counsel will file their opening papers in support of final approval and for an award of fees and expenses 15 days **before** objections are due.  Thus, the proposed schedule ensures that the issues encountered in *Mercury Interactive* are not present here.[17]

Finally, in its August 9, 2016 Order, the Court instructed the parties to "indicate whether, in light of the proposed class definition, these five actions should be consolidated into the lowest cause number before a class is certified for settlement purposes."  Dkt. No. 223 at 5.  Rule 42 provides that "[i]f actions before the court involve a common question of law or fact, the court may . . . consolidate the actions."  Fed. R. Civ. P. 42(a).  The parties have discussed this issue and agree that the Actions should be consolidated at this juncture.  Egler Decl., Ex. 1 at Ex. A at 1.

Plaintiffs believe they have addressed each of the issues raised by the Court, but should the Court have any additional questions, Plaintiffs are available to answer any questions or address any issue the Court may have.

## III.   THE COURT SHOULD PRELIMINARILY APPROVE THE SETTLEMENT

Pursuant to Fed. R. Civ. P. 23(e), class actions "may be settled, voluntarily dismissed, or compromised only with the court's approval."  As a matter of "express public policy," federal courts favor and encourage settlements, particularly in class actions, where the costs, delays, and risks of continued litigation might otherwise overwhelm any potential benefit the class could hope to obtain.

---

[17]   The proposed Preliminary Approval Order (Exhibit A to the Agreement) provides that "[a]ll opening briefs and supporting documents in support of the Settlement, and any application by Plaintiffs' Counsel for Attorneys' Fees and Expenses or by Class Representatives for their service awards" must be filed and served by "fifty (50) calendar days after the Notice Date."  Egler Decl., Ex. 1 at Ex. A, ¶30.  Then, "[a]ny written objection must be filed with [the Court], and served on counsel . . . such that it is received by counsel" on or before "sixty-five (65) calendar days after the Notice Date."  *Id.*, ¶18.  Thus, Settlement Class Members have 15 days to review Plaintiffs' Counsel's opening papers before objections are due.  *Id.*, ¶30.  These provisions have not changed from the prior proposed settlement papers.

PLAINTIFFS' UNOPPOSED RENEWED MOTION AND MEMORANDUM ISO PRELIMINARY APPROVAL OF AMENDED CLASS ACTION SETTLEMENT (2:12-cv-02184-TSZ)

- 16 -

Robbins Geller Rudman & Dowd LLP
655 West Broadway, Suite 1900, San Diego, CA 92101
Telephone: 619/231-1058 • Fax: 619/231-7423

1   *See Class Plaintiffs v. Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992) (noting the "strong judicial

2   policy that favors settlements, particularly where complex class action litigation is concerned"). *The*

3   *Manual for Complex Litigation* (*Fourth*) §21.63 (2004) describes a three-step procedure for approval

4   of class action settlements: (i) preliminary approval of the proposed settlement; (ii) dissemination of

5   the notice of the settlement to class members; and (iii) a formal fairness and final settlement

6   approval hearing.   Plaintiffs request that the Court take the first step in the settlement approval

7   process by granting preliminary approval of the Settlement and provisionally certifying the

8   Settlement Class.

9          **A.**     **The Settlement Is Within the Range of Reasonableness**

10         The purpose of preliminary evaluation of proposed class action settlements is to determine

11   whether the settlement is within the "range of reasonableness" for final approval.  *R.H. v. Premera*

12   *Blue Cross*, No. C13-97RAJ, 2014 U.S. Dist. LEXIS 108503, at *11 (W.D. Wash. Aug. 6, 2014).  A

13   motion for preliminary approval "requires the Court to consider whether (1) the negotiations

14   occurred at arm's length; (2) there was sufficient discovery; (3) the proponents of the settlement are

15   experienced in similar litigation; and (4) only a small fraction of the class objected."  *Wilson v.*

16   *Venture Fin. Grp., Inc.*, No. C09-5768BHS, 2011 U.S. Dist. LEXIS 9691, at *5 (W.D. Wash.

17   Jan. 24, 2011).  "'It is the settlement taken as a whole, rather than the individual component parts,

18   that must be examined for overall fairness.'"  *Arthur v. Sallie Mae, Inc.*, No. C10-0198JLR, 2012

19   U.S. Dist. LEXIS 3313, at *27 (W.D. Wash. Jan. 10, 2012) (quoting *Staton v. Boeing Co.*, 327 F.3d

20   938, 952 (9th Cir. 2003)).

21          **B.**     **The Agreement Is the Product of Arm's-Length Negotiations After**
              **Sufficient Discovery by Experienced Counsel**

22

23         The Settlement was the result of arm's-length negotiations between experienced attorneys, who

23   are familiar with class action litigation and with the legal and factual issues of this case, and

24   experienced in complex litigation.  Plaintiffs' Counsel has substantial experience litigating (including

25   through trial) and settling class actions and other complex litigation.  Egler Decl., Exs. 2-5.  Their

26

PLAINTIFFS' UNOPPOSED RENEWED MOTION
AND MEMORANDUM ISO PRELIMINARY
APPROVAL OF AMENDED CLASS ACTION
SETTLEMENT (2:12-cv-02184-TSZ)     - 17 -

Robbins Geller Rudman & Dowd LLP
655 West Broadway, Suite 1900, San Diego, CA 92101
Telephone: 619/231-1058 • Fax: 619/231-7423

1    experience makes them well-suited to analyze the costs, risks, and benefits of continued litigation in

2    light of the legal and factual issues in this case.

3           Further, Plaintiffs' Counsel did not make lightly the decision to settle these Actions before a

4    determination of class certification.  They engaged in substantial pre-filing investigation of the facts

5    and claims asserted in this case and conducted significant fact and expert discovery over the course

6    of two years.  The discovery included the review and analysis of more than 800,000 pages of

7    documents and taking 25 depositions, including the depositions of corporate individuals most

8    knowledgeable regarding the CreditBuilder Products, marketing and sales, as well as D&B's inquiry,

9    negative trade experiences, credit reporting, and dispute resolution process.  *Id.*, ¶3.  In addition,

10   Plaintiffs' Counsel spent a considerable amount of time communicating with absent class members

11   (*see* Dkt. No. 145 at 1) (providing for means to contact class members), interviewing former DBCC

12   sales employees, and analyzing the relevant legal issues.  Counsel hired and consulted with several

13   experts (*see*, *e.g.*, Dkt. No. 168), and spent numerous additional hours analyzing the risks and

14   benefits of settling now versus proceeding through class certification and trial.  Plaintiffs also

15   worked with a number of consultants and expert witnesses during the Actions; submitting three

16   expert reports, preparing with those experts for deposition, and responding to the expert reports

17   submitted by Defendants.

18          Further, after the parties signed the Term Sheet, they spent an additional two and a half

19   months working out the final details of the Settlement, embodied in the original agreement.

20   Following the Court's August 9, 2016 Order, the parties spent an additional one-and-a-half months

21   working on the Agreement.  The end result is a thoughtful Settlement that takes into account the

22   strengths and weaknesses of Plaintiffs' claims.  Accordingly, a presumption of fairness should attach

23   to the Settlement.

24   **C.     The Settlement Provides Important Relief for Settlement Class
             Members and Treats Them Fairly**

25

26          The Settlement is also fair on its face.  Defendants have agreed to a $2,750,000.00 cash

     payment.  Settlement Class Members need not submit a claim form.  Instead, an Award reflecting the

PLAINTIFFS' UNOPPOSED RENEWED MOTION
AND MEMORANDUM ISO PRELIMINARY
APPROVAL OF AMENDED CLASS ACTION
SETTLEMENT (2:12-cv-02184-TSZ)          - 18 -

Robbins Geller Rudman & Dowd LLP
655 West Broadway, Suite 1900, San Diego, CA 92101
Telephone: 619/231-1058 • Fax: 619/231-7423

1    Settlement Class Member's *pro rata* share of the Net Settlement Fund will be mailed directly to that

2    Settlement Class Member, and to the extent checks are not cashed, a further distribution will be

3    made to those Settlement Class Members who cashed their initial Award check.  The estimated

4    average of that initial Award amount is $20.51.

5         On top of the cash recovery, the Settlement calls for D&B to "have one additional full-time

6    employee whose primary responsibility shall be responding to and enhancing the quality of

7    responses to trade disputes," for two years after final approval of the Settlement.  Egler Decl., Ex. 1,

8    ¶4.1.  This ongoing benefit, conferred upon small businesses nationwide who wish to challenge

9    information contained on their D&B reports, relates directly to the allegations of the Complaint.  *See*

10   *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1049 (9th Cir. 2002) ("[i]ncidental or nonmonetary

11   benefits conferred by the litigation are a relevant circumstance" in valuing a proposed class action

12   settlement).

13        **D.    The Agreement Is Fair and Reasonable in Light of the Alleged Claims
             and Defenses**

14

15        While Plaintiffs are confident in the strength of their case, they are aware of the significant

16   defenses available to Defendants and the inherent risks and delays of litigation.  Plaintiffs have

17   addressed the risks to success and recovery above in response to the Court's August 9, 2016 Order.

18   In sum, the risks of non-recovery for the Settlement Class were real, including the very real risk that

19   the Court would deny class certification or that Plaintiffs would not prevail at summary judgment or

20   trial.  Further, Plaintiffs faced the risk that even if they were successful at trial, any recovery could

21   be minimal depending on any offset applied by the trier-of-fact.

22        Considering the risks attendant to continuing  this litigation, including the high probability

23   that the Court or jury would substantially reduce any recovery by the amount of value the

24   CreditBuilder Products *did* provide, such recovery is fair and reasonable.

25

26

PLAINTIFFS' UNOPPOSED RENEWED MOTION
AND MEMORANDUM ISO PRELIMINARY
APPROVAL OF AMENDED CLASS ACTION
SETTLEMENT (2:12-cv-02184-TSZ)         - 19 -

Robbins Geller Rudman & Dowd LLP
655 West Broadway, Suite 1900, San Diego, CA 92101
Telephone: 619/231-1058 • Fax: 619/231-7423

IV.    **PROVISIONAL CERTIFICATION OF THE SETTLEMENT CLASS IS APPROPRIATE**

Plaintiffs respectfully request that the Court provisionally certify the following Settlement Class for settlement purposes only:

> All Persons in Washington State, Ohio, New Jersey, North Carolina and California who purchased a CreditBuilder Product between August 1, 2010 and the date of the Preliminary Approval Order and who do not request exclusion from the Settlement.

Provisional certification under Rule 23(a) and (b)(3) will permit the parties to provide notice of the Settlement to the Settlement Class, which will inform them of the existence and terms of the Settlement, their right to be heard on its fairness, their right to opt out, and the date, time and place of the Final Approval Hearing.  If the Court does not approve the Settlement, Defendants have reserved their right to later challenge class certification.

Federal Rule of Civil Procedure 23(a) has four requirements:  Numerosity; Commonality; Typicality, and Adequacy.  Federal Rule of Civil Procedure 23(b) requires that common questions predominate and that the class mechanism be superior to alternatives.

Numerosity is satisfied if "the class is so large that joinder of all members is impracticable." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998); Fed. R. Civ. P. 23(a)(1).  There is no "magic number."  *McCluskey v. Trs. of Red Dot Corp. Emp. Stock Ownership Plan & Trust*, 268 F.R.D. 670, 673 (W.D. Wash. 2010).  However, impractical is not synonymous with impossible, but only refers to "difficulty or inconvenience of joining all members of the class." *Harris v. Palm Springs Alpine Estates, Inc.*, 329 F.2d 909, 913-14 (9th Cir. 1964).  Here, the potential Settlement Class Members total 89,719 and as a result, the expense and burden of litigating each claim separately is impractical.

Commonality is satisfied if questions of fact and law are common to the Class.  Fed. R. Civ. P. 23(a)(2).  Rule 23(a)(2) is permissively construed.  "All questions of fact and law need not be common to satisfy the rule.  The existence of shared legal issues with divergent factual predicates is sufficient, as is a common core of salient facts coupled with disparate legal remedies within the class." *Hanlon*, 150 F.3d at 1019.  While only a single issue common to all members of the class is

1192638_2

PLAINTIFFS' UNOPPOSED RENEWED MOTION
AND MEMORANDUM ISO PRELIMINARY
APPROVAL OF AMENDED CLASS ACTION
SETTLEMENT (2:12-cv-02184-TSZ)              - 20 -

Robbins Geller Rudman & Dowd LLP
655 West Broadway, Suite 1900, San Diego, CA 92101
Telephone: 619/231-1058 • Fax: 619/231-7423

1  needed, here, Settlement Class Members clearly share issues of both fact and law, including:

2  (i) during part of the relevant period, D&B included internal inquiries in the calculation of inquiries

3  into small businesses sent to DBCC; (ii) DBCC allegedly used inquiry numbers to solicit the sale of

4  CreditBuilder; (iii) DBCC allegedly confused small businesses into believing that DBCC was D&B;

5  and (iv) DBCC allegedly indicated to customers that they could easily add positive trade experiences

6  to their D&B credit profile through CreditBuilder.  Plaintiffs have each alleged that the above

7  practices caused them and the putative Settlement Class to purchase CreditBuilder and that they

8  were damaged thereby.  For these reasons, the Settlement Class shares sufficient commonality to

9  satisfy the requirements of Rule 23(a)(2).

10    Typicality assures that the class representatives are squarely aligned with the interests of the

11  represented group. *Wolin v. Jaguar Land Rover N. Am.*, *LLC*, 617 F.3d 1168, 1175 (9th Cir. 2010).

12  "'The typicality requirement looks to whether the claims of the class representatives [are] typical of

13  those of the class, and [is] satisfied when each class member's claim arises from the same course of

14  events, and each class member makes similar legal arguments to prove the defendant's liability.'"

15  *Stearns v. Ticketmaster Corp.*, 655 F.3d 1013, 1019 (9th Cir. 2011) (quoting *Rodriguez v. Hayes*,

16  591 F.3d 1105, 1124 (9th Cir. 2010)).  Under the Rule's permissive standards, representative claims

17  are "typical" if they are reasonably co-extensive with those of absent class members; they need not

18  be substantially identical.  *Hanlon*, 150 F.3d at 1020.  As detailed above, Plaintiffs' claims in these

19  Actions are not only coextensive, they are identical to the claims of the Settlement Class and arise

20  from the same course of events and actions by Defendants.

21    Plaintiffs have fairly and adequately protected the interests of the Settlement Class.  Fed. R.

22  Civ. P. 23(a)(4).  There is no suggestion or evidence of any antagonistic or conflicting interest with

23  the unnamed class members.  Where certification is being sought in the context of a settlement,

24  courts should take a close examination of the fairness of the proposed agreement.  *Amchem*, 521 U.S.

25  at 622. All Settlement Class Members are being treated equally under the terms of the Settlement, as

26  all Awards are based on the purchase price of the CreditBuilder Product, less any amounts for credits

PLAINTIFFS' UNOPPOSED RENEWED MOTION
AND MEMORANDUM ISO PRELIMINARY
APPROVAL OF AMENDED CLASS ACTION
SETTLEMENT (2:12-cv-02184-TSZ)  - 21 -

Robbins Geller Rudman & Dowd LLP
655 West Broadway, Suite 1900, San Diego, CA 92101
Telephone: 619/231-1058 • Fax: 619/231-7423

1  or refunds received, and all Awards will receive their *pro rata* share of the Net Settlement Fund.

2  Egler Decl., Ex. 1, ¶9.1.  Accordingly, there is no conflict among Settlement Class Members.

3  Further, as Settlement Class Members will not be required to submit a claim form, or take any other

4  action in order to receive an Award, any potential conflict between the individual Plaintiffs and

5  Settlement Class Members is erased.  *See* Dkt. No. 223 at 3-4.  In addition, Plaintiffs vigorously

6  prosecuted this case from inception, through highly qualified counsel, on behalf of the Settlement

7  Class at significant expense and effort.  *See Lerwill v. Inflight Motion Pictures, Inc.*, 582 F.2d 507,

8  512 (9th Cir. 1978) (requiring that for a class to be certified, "the named plaintiffs must appear able

9  to prosecute the action vigorously through qualified counsel").  *See* Egler Decl., Exs. 2-5.

10  Considerations include competency of counsel and, in the context of a settlement-only class, an

11  assessment of the rationale for not pursuing further litigation.  *Hanlon*, 150 F.3d at 1021.  As

12  detailed above, the parties invested substantial money and time into this action (Egler Decl., ¶3) and

13  are therefore very well informed with respect to the strengths and weaknesses of their respective

14  cases.

15       Predominance is satisfied here, particularly in the settlement context.  Class adjudication is

16  warranted as it is "sufficiently cohesive" due to a "common nucleus of facts and potential legal

17  remedies" that dominate the litigation.  *Hanlon*, 150 F.3d at 1022 (citing *Amchem*, 521 U.S. at 623).

18  The "common nucleus of facts" derives from Defendants' business practices that were alleged to

19  have been applied consistently and uniformly to all Settlement Class Members.  Plaintiffs allege the

20  consistent and uniform practices deprived Plaintiffs and Settlement Class Members of money by

21  virtue of their purchase of CreditBuilder and harm to their small business credit by the publication of

22  false information about their financial situation.[18]

23       The superiority factors set forth by Rule 23(b)(3) also support certification.  The first factor

24  considers "the class members' interests in individually controlling the prosecution or defense of

25

26  ---
[18]   As discussed above, any variation among the complaints and the state law claims contained therein are minor and are further minimized in the settlement context.  *See* above at 9-10.

PLAINTIFFS' UNOPPOSED RENEWED MOTION
AND MEMORANDUM ISO PRELIMINARY
APPROVAL OF AMENDED CLASS ACTION
SETTLEMENT (2:12-cv-02184-TSZ)          - 22 -

Robbins Geller Rudman & Dowd LLP
655 West Broadway, Suite 1900, San Diego, CA 92101
Telephone: 619/231-1058 • Fax: 619/231-7423

1    separate actions." Fed. R. Civ. P. 23(b)(3)(A).  Because each Settlement Class Member could only

2    pursue relatively small claims, class members have no particular interest in individually controlling

3    the prosecution of separate actions.  *Id.*  The second factor is whether, and to what extent, other class

4    members have begun litigation concerning the controversy.  Fed. R. Civ. P. 23(b)(3)(B).  If a

5    multiplicity of suits will continue through judicial proceedings despite the class action, this factor

6    counsels against certification.  *Zinser v. Accufix Research Inst., Inc.*, 253 F.3d 1180, 1191 (9th Cir.

7    2001) (citing 7A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Prac. & Proc.*

8    §1780 (2d ed. 1986)).  Here, Plaintiffs know of no other Settlement Class Members that have begun

9    litigation concerning the present controversy.  Third, Rule 23(b)(3) considers "the desirability or

10   undesirability of concentrating the litigation of the claims in the particular forum."  Fed. R. Civ.

11   P. 23(b)(3)(C).  Where, as here, the parties have agreed on a proposed Settlement, "the desirability of

12   concentrating the litigation in one forum is obvious."  *Monterrubio v. Best Buy Stores, L.P.*, 291

13   F.R.D. 443, 452 (E.D. Cal. 2013) (citing *Elkins v. Equitable Life Ins. Co. of Iowa*, No. 96-296-CIV-

14   T-MB, 1998 WL 133741, at *20 (M.D. Fla. Jan. 28, 1998)).  In light of the above considerations,

15   common questions of law or fact predominate, and a class action is the superior method of resolving

16   the dispute, the Settlement Class satisfies the requirements of Rule 23(b)(3).

## V.    THE PROPOSED NOTICE PROGRAM IS CONSTITUTIONALLY SOUND

17
18           To protect their rights, the Court must provide class members with the best notice practicable

19   regarding the proposed settlement.  Fed. R. Civ. P. 23(c)(2).  The best practicable notice is that

20   which is "reasonably calculated, under all the circumstances, to apprise interested parties of the

21   pendency of the action and afford them an opportunity to present their objections."  *Mullane v. Cent.*

22   *Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).  Defendants represented that they have the

23   names, email addresses and physical addresses of every Person to whom the CreditBuilder Product

24   was sold in Washington, California, Ohio, New Jersey and North Carolina between August 1, 2010

25   and the present. Egler Decl., Ex. 1, ¶5.3. Defendants will provide that information to the Settlement

26   Administrator, who will, in turn, mail the Post Card Notice (*id.*, Ex. 1 at Ex. A-2) and email the

PLAINTIFFS' UNOPPOSED RENEWED MOTION
AND MEMORANDUM ISO PRELIMINARY
APPROVAL OF AMENDED CLASS ACTION
SETTLEMENT (2:12-cv-02184-TSZ)                - 23 -

Robbins Geller Rudman & Dowd LLP
655 West Broadway, Suite 1900, San Diego, CA 92101
Telephone: 619/231-1058 • Fax: 619/231-7423

1  Class Notice (*id.* at Ex. A-1) to all Settlement Class Members.  Both notices provide a link to a

2  dedicated website for this Settlement, which will, in turn, include Settlement-related documents,

3  including the Agreement, Class Notice, orders, as well as other relevant Court documents.

4        The language of the proposed notices is plain and easily understood.  *Id.*, Ex. 1 at Ex. A-1.  It

5  provides neutral, objective and accurate information about the nature of the Settlement.  The notices

6  include the monetary and non-monetary relief provided for in the Settlement, the definition of the

7  proposed Settlement Class, a statement of each Settlement Class Member's rights (including the

8  right to opt-out of the Settlement Class or object to the Settlement),and a statement of the

9  consequences of remaining in, or excluding one's self from, the Settlement Class.  *See id.*  As

10  discussed above, both notices also contain the information ordered by the Court in its August 9, 2016

11  Order.  *See* above at 9-15.

12        Plaintiffs submit that the Notice program outlined in the Agreement is the best notice

13  practicable under the circumstances of this case, and will be highly effective.

14  **VI.   THE COURT SHOULD CONSOLIDATE THESE ACTIONS FOR**
   **SETTLEMENT PURPOSES**

15

16        Plaintiffs respectfully request that the Court consolidate these related Actions pursuant to

17  Rule 42(a), which provides that "[i]f actions before the court involve a common question of law or

18  fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions;

19  (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R.

20  Civ. P. 42(a).  Each Action asserts substantially the same claims against the same Defendants and

21  raises substantially the same questions of law and fact.  Accordingly, in order to promote judicial

22  efficiency, the Actions should be consolidated.

23        These five related Actions involve the same two Defendants, essentially the same facts, the

24  same prayers for relief, and very similar causes of action.  The sole difference is the state law under

25  which the claims are brought.  *See* above at 9-10. The plaintiffs in each of these Actions are

26  represented by the same counsel, and throughout the litigation the parties have agreed that discovery

   would apply to all of the Actions.  Further, the Settlement properly treats the five Actions as one,

PLAINTIFFS' UNOPPOSED RENEWED MOTION
AND MEMORANDUM ISO PRELIMINARY
APPROVAL OF AMENDED CLASS ACTION
SETTLEMENT (2:12-cv-02184-TSZ)          - 24 -

Robbins Geller Rudman & Dowd LLP
655 West Broadway, Suite 1900, San Diego, CA 92101
Telephone: 619/231-1058 • Fax: 619/231-7423

1  seeking one Settlement Class to be certified across the Actions, with each Settlement Class Member

2  treated equally regardless of their state of purchase.  Egler Decl., Ex. 1, ¶2.40.  The parties have

3  stipulated to consolidation for settlement purposes (*id.* at Ex. A at 1), and respectfully request that

4  this Court order consolidation, so that the Settlement may be administered in one action rather than

5  five separate Actions.  *See, e.g.*, *In re Tobacco Litig.*, 192 F.R.D. 90, 95 (E.D.N.Y. 2000)

6  (consolidating "for purposes of settlement and for no other purpose" in ADR context).

7  **VII.  THIS COURT SHOULD SCHEDULE A FINAL APPROVAL HEARING IN ACCORDANCE WITH THE FOLLOWING DATES**

8
9          The last step in the settlement approval process is a Final Approval Hearing at which time the

10  Court may hear all evidence and argument necessary to make its settlement evaluation.

11          Proponents of the Settlement may explain its terms and conditions, and offer argument in

12  support of final approval.  At or after the Final Approval Hearing, the Court will determine whether the

13  Settlement should be approved under Rule 23(e) and whether to enter the Final Judgment and Order

14  Approving Settlement.  In compliance with the Court's comments regarding *Mercury Interactive*, 618

15  F.3d at 990-91 (Dkt. No. 223 at 5), the Preliminary Approval Order ensures that the Class has "an

16  adequate opportunity to review and object to its counsel's fee motion" and take any other steps as

17  necessary.  Accordingly, the parties propose the following schedule:

| Event | Time for Compliance |
|---|---|
| Deadline for commencing the mailing of the Notices to Settlement Class Members and establishing the Settlement website (the "Notice Date") | 15 business days after entry of the Notice Order |
| Filing, posting and serving of memoranda in support of approval of the Settlement, and in support of Plaintiffs' Counsel's application for an award of Attorneys' Fees and Expenses and Class Representatives' service awards | 50 calendar days after the Notice Date |
| Deadline for submitting objections or opting out of the Settlement | 65 calendar days after the Notice Date |

PLAINTIFFS' UNOPPOSED RENEWED MOTION
AND MEMORANDUM ISO PRELIMINARY
APPROVAL OF AMENDED CLASS ACTION
SETTLEMENT (2:12-cv-02184-TSZ)          - 25 -

Robbins Geller Rudman & Dowd LLP
655 West Broadway, Suite 1900, San Diego, CA 92101
Telephone: 619/231-1058 • Fax: 619/231-7423

| Event | Time for Compliance |
|---|---|
| Filing, posting and serving of reply memoranda in further support of the Settlement, and in support of Plaintiffs' Counsel's application for an award of Attorneys' Fees and Expenses and Class Representatives' service awards | 7 calendar days prior to the Final Approval Hearing |
| Final Approval Hearing | Approximately 100 calendar days after entry of the Notice Order, at the Court's convenience |

## VIII.   CONCLUSION

Plaintiffs respectfully request that the Court enter the [Proposed] Order Preliminarily Certifying a Class, Approving Settlement and Providing for Notice, which Order is submitted herewith.

DATED:  October 14, 2016                    Respectfully submitted,


By:  s/Thomas E. Egler

THEODORE J. PINTAR (admitted *pro hac vice*)
THOMAS E. EGLER (admitted *pro hac vice*)
FRANK J. JANECEK, JR. (admitted *pro hac vice*)
CHRISTOPHER COLLINS (admitted *pro hac vice*)
ROBBINS GELLER RUDMAN & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-3301
Telephone:  619/231-1058
619/231-7423 (fax)
Email:    tedp@rgrdlaw.com
             tome@rgrdlaw.com
             frankj@rgrdlaw.com
             chrisc@rgrdlaw.com

STUART A. DAVIDSON (admitted *pro hac vice*)
HOLLY W. KIMMEL (admitted *pro hac vice*)
ROBBINS GELLER RUDMAN & DOWD LLP
120 East Palmetto Park Road, Suite 500
Boca Raton, FL  33432
Telephone:  561/750-3000
561/750-3364 (fax)
Email: sdavidson@rgrdlaw.com
hkimmel@rgrdlaw.com

1192638_2

PLAINTIFFS' UNOPPOSED RENEWED MOTION
AND MEMORANDUM ISO PRELIMINARY
APPROVAL OF AMENDED CLASS ACTION
SETTLEMENT (2:12-cv-02184-TSZ)            - 26 -

Robbins Geller Rudman & Dowd LLP
655 West Broadway, Suite 1900, San Diego, CA 92101
Telephone: 619/231-1058 • Fax: 619/231-7423

1                    BRAD J. MOORE, WSBA #21802
STRITMATTER KESSLER WHELAN KOEHLER
    MOORE KAHLER
3600 15th Avenue West, Suite 300
Seattle, WA  98119
Telephone:  206/448-1777
206/728-2131 (fax)
Email:  brad@stritmatter.com

ROSS E. SHANBERG (admitted *pro hac vice*)
SHANBERG, STAFFORD & BARTZ LLP
19200 Von Karman Avenue, Suite 400
Irvine, CA  92612
Telephone:  888/240-3495
949/622-5448 (fax)
Email:   rshanberg@ssbfirm.com

JACK LANDSKRONER (admitted *pro hac vice*)
DREW LEGANDO (admitted *pro hac vice*)
LANDSKRONER • GRIECO • MERRIMAN, LLC
1360 West 9th Street, Suite 200
Cleveland, OH  44113
Telephone:  216/522-9000
216/522-9007 (fax)
Email:   jack@lgmlegal.com
             drew@lgmlegal.com

Attorneys for Plaintiffs

PLAINTIFFS' UNOPPOSED RENEWED MOTION
AND MEMORANDUM ISO PRELIMINARY
APPROVAL OF AMENDED CLASS ACTION
SETTLEMENT (2:12-cv-02184-TSZ)            - 27 -

Robbins Geller Rudman & Dowd LLP
655 West Broadway, Suite 1900, San Diego, CA 92101
Telephone: 619/231-1058 • Fax: 619/231-7423

1192638_2

1

<u>CERTIFICATE OF SERVICE</u>

2       I hereby certify that on October 14, 2016, I authorized the electronic filing of the foregoing

3  with the Clerk of the Court using the CM/ECF system which will send notification of such filing to

4  the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I

5  caused to be mailed the foregoing document or paper via the United States Postal Service to the non-

6  CM/ECF participants indicated on the attached Manual Notice List.

7       I certify under penalty of perjury under the laws of the United States of America that the

8  foregoing is true and correct.  Executed on October 14, 2016.

9                                          s/ Thomas E. Egler
                                        THOMAS E. EGLER
10
                                        ROBBINS GELLER RUDMAN
11                                        & DOWD LLP
                                        655 West Broadway, Suite 1900
12                                       San Diego, CA  92101-8498
                                        Telephone:  619/231-1058
13                                       619/231-7423 (fax)

14                                       E-mail:  tome@rgrdlaw.com

15

16

17

18

19

20

21

22

23

24

25

26

PLAINTIFFS' UNOPPOSED RENEWED MOTION
AND MEMORANDUM ISO PRELIMINARY
APPROVAL OF AMENDED CLASS ACTION
SETTLEMENT (2:12-cv-02184-TSZ)

Robbins Geller Rudman & Dowd LLP
655 West Broadway, Suite 1900, San Diego, CA 92101
Telephone: 619/231-1058 • Fax: 619/231-7423

## Mailing Information for a Case 2:12-cv-02184-TSZ O&R Construction, LLC v. Dun & Bradstreet Credibility Corporation et al

### Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Mikael A. Abye**
  Mikael.Abye@shearman.com,CourtAlert@Shearman.com,ron.cheatham@shearman.com,manattyoffice@shearman.com

- **Aaron A Bartz**
  abartz@ssbfirm.com

- **Lea Malani Bays**
  lbays@rgrdlaw.com,ldeem@rgrdlaw.com

- **Thomas Matthew Brennan**
  tmb@mckay-chadwell.com,akn@mckay-chadwell.com,kdc@mckay-chadwell.com

- **Christopher Chorba**
  cchorba@gibsondunn.com

- **Christopher Collins**
  chrisc@rgrdlaw.com,kathryns@rgrdlaw.com,ldeem@rgrdlaw.com

- **Carson R Cooper**
  cooperc@lanepowell.com,vanburenh@lanepowell.com,docketing-sea@lanepowell.com

- **Stuart A. Davidson**
  sdavidson@rgrdlaw.com,jdennis@rgrdlaw.com,e_file_sd@rgrdlaw.com,e_file_fl@rgrdlaw.com

- **Thomas E Egler**
  TomE@rgrdlaw.com,e_file_sd@csgrr.com

- **Charles C Huber**
  huberC@lanepowell.com,harrellh@lanepowell.com,rainesm@lanepowell.com,docketing-sea@lanepowell.com

- **Inyoung Hwang**
  sarah.hwang@shearman.com,CourtAlert@Shearman.com,rebecca.shieh@shearman.com,david.selesnick@shearman.com,manattyoffice@shearman.com,leng@shearman.com

- **Frank J Janecek , Jr**
  frankj@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Holly W Kimmel**
  hkimmel@rgrdlaw.com,cthornton@rgrdlaw.com

- **Jack Landskroner**
  jack@lgmlegal.com,natalie@lgmlegal.com,debra@lgmlegal.com,debbie@lgmlegal.com

- **Drew Legando**
  drew@lgmlegal.com,debra@lgmlegal.com

- **Timothy W Loose**
  tloose@gibsondunn.com,zperez@gibsondunn.com,kwelch@gibsondunn.com

- **Michael D McKay**
  mdm@mckay-chadwell.com,akn@mckay-chadwell.com,kdc@mckay-chadwell.com

- **Bradley Jerome Moore**
  brad@stritmatter.com,pattis@stritmatter.com

- **Zathrina Zasell G Perez**
  zperez@gibsondunn.com,tloose@gibsondunn.com

- **Theodore J Pintar**
  TedP@rgrdlaw.com

- **Richard F Schwed**
  rschwed@shearman.com,stephen.kam@shearman.com,Sarah.Hwang@Shearman.com,Mariusz.Jedrzejewski@Shearman.com,CourtAlert@Shearman.com,nicole.gragg@shearman.c

- **Ross E Shanberg**
  rshanberg@ssbfirm.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)